UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE
(PORTLAND DIVISION)

**JON R. ADAMS** (MDOC No. 13557),

Maine Department of Corrections / Maine Correctional Center,

     Plaintiff,

                                **COMPLAINT**

  v.                        42 U.S.C. § 1983 / 28 U.S.C. §§ 2201–2202

                              5 M.R.S. § 4682 (Maine Civil Rights Act)

**WELLPATH LLC,**

*as a corporate state actor under 42 U.S.C. § 1983*;

**STEPHANIE FLASH**, Health Service Administrator,

*in her individual capacity for damages and in her official capacity for injunctive relief* ;

**JANE DOES 1–5,**

 *in their individual capacities;*

**DR. JEFFREY JORDAN, DDS,**

*in his individual capacity*;

**DR. DROHAN, DDS,**

*in his individual capacity* ;

**DR. "SHERRY"** (Denturist),

*in her individual capacity.*

      Defendants.

**<u>VERIFIED CIVIL RIGHTS COMPLAINT FOR DAMAGES AND [ATTACHED]</u>**
**<u>MOTION FOR EMERGENCY EX PARTE TRO & PRELIMINARY INJUNCTION.</u>**

NOW COMES the Plaintiff, JON R. ADAMS (MDOC No. 13557), proceeding *pro se* and *in forma pauperis*, and respectfully files this Verified Civil Rights Complaint in the United States District Court for the District of Maine against Corporate Defendant WELLPATH LLC, Defendant STEPHANIE FLASH, Defendant DR. JEFFREY JORDAN, DDS, Defendant DR. DROHAN, DDS, Defendant DR. "SHERRY", and Defendants JANE DOES 1–5. Plaintiff demands maximum compensatory damages, maximum statutory civil penalties, maximum punitive damages, declaratory relief, and immediate mandatory injunctive relief to rectify Defendants' deliberate, egregious, wanton, and malicious deprivation of mandatory medical and dental care under the United States Constitution and the laws of the State of Maine.

---

## I.    NATURE OF THE ACTION

1. This is a federal civil rights action brought pursuant to 42 U.S.C. § 1983, the Eighth Amendment to the United States Constitution (as incorporated through the Fourteenth Amendment), 28 U.S.C. §§ 2201–2202, the Maine Civil Rights Act (5 M.R.S. § 4682), and Maine state law. Concurrently with the filing of this Complaint, Plaintiff moves this Court pursuant to Rule 65 of the Federal Rules of Civil Procedure for an Emergency Ex Parte Temporary Restraining Order and Preliminary Injunction. This action arises out of Defendants' catastrophic, profit-driven, intentionally cruel, and deliberately indifferent failure to provide medically necessary dental care, soft-diet accommodations, and functional prosthetics (dentures or implants) to an incarcerated individual with a completely edentulous (toothless) oral cavity.

2. Despite clear, long-standing binding precedent from the Supreme Court of the United States, the United States Court of Appeals for the First Circuit, and federal circuit courts nationwide establishing that an edentulous condition causing severe pain, raw gum tissue, bleeding, and inability to masticate constitutes an objectively serious medical condition. Defendants have

1

systematically denied, suppressed, delayed, and ignored Plaintiff's continuous pleas for dental triage, diagnostics, soft diets, and prosthetic fittings.

3. As a direct result of Defendants' deliberate indifference and systemic corporate cost-cutting customs, Plaintiff has suffered and continues to suffer severe physical trauma, open gum lacerations, active oral hemorrhaging, excruciating daily pain, systemic malnutrition, drastic forced weight loss, severe psychological shock, degradation, and permanent bodily harm.

4. **Exemption from State Pre-Litigation Panels:** Plaintiff explicitly clarifies that this action is brought exclusively for constitutional deprivations under 42 U.S.C. § 1983 and intentional civil rights violations under 5 M.R.S. § 4682. Plaintiff asserts **NO** claims for common law medical negligence, professional malpractice, or health care liability under the Maine Health Security Act (24 M.R.S. § 2851 et seq.). Consequently, under controlling federal law (*Felder v. Casey*, 487 U.S. 131 (1988); *McIntyre v. United States*, 447 F. Supp. 2d 54 (D. Mass. 2006)), this federal civil rights action is entirely exempt from, and bypasses, state pre-litigation screening panel requirements.

5. Plaintiff brings this action to compel immediate medical remediation and to hold all corporate and individual Defendants fully accountable to the maximum extent of federal and state law, seeking substantial monetary damages and maximum punitive awards to deter future reckless corporate exploitation of incarcerated citizens.

---

## II.   JURISDICTION AND VENUE

6. **Federal Question Jurisdiction:** Subject-matter jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331 (Federal Question) and 28 U.S.C. § 1343(a)(3)–(4) (Civil Rights), as this action seeks redress for the violation of constitutional rights secured by the Eighth and Fourteenth Amendments to the United States Constitution and enforced via 42 U.S.C. § 1983.

7. **Supplemental Jurisdiction:** This Court possesses supplemental jurisdiction over Plaintiff's state law civil rights claims pursuant to 28 U.S.C. § 1367(a) because all state law causes of action (including Maine Civil Rights Act violations under 5 M.R.S. § 4682) derive from a common nucleus of operative fact and form part of the same case or controversy under Article III of the U.S. Constitution.

8. **Declaratory & Injunctive Authority:** Declaratory and injunctive relief are authorized pursuant to 28 U.S.C. §§ 2201 and 2202, and Rules 57 and 65 of the Federal Rules of Civil Procedure, which specifically authorize this Court to grant emergency ex parte temporary restraining orders and preliminary injunctive relief to prevent immediate and irreparable harm.

9. **Personal Jurisdiction:** Personal jurisdiction over Defendant Wellpath LLC is proper under Federal Rule of Civil Procedure 4(k) and Maine's Long-Arm Statute (14 M.R.S. § 704-A) because Wellpath LLC maintains continuous, systematic business contacts within the District of Maine, contracts directly with the Maine Department of Corrections, and committed the tortious acts and constitutional deprivations alleged herein within this district. Personal jurisdiction over all individual Defendants is proper because all acts, omissions, and state-actor duties occurred while they were employed and operating within the District of Maine.

10. **Venue:** Venue is proper in the United States District Court for the District of Maine pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred at the Maine Correctional Center in Windham, Cumberland County, Maine, which lies within this judicial district.

## III.    PARTIES

11. Plaintiff JON R. ADAMS (MDOC No. 13557) is a citizen of the United States and the State of Maine, currently incarcerated as a convicted state prisoner in the custody of the Maine

Department of Corrections (MDOC) at the Maine Correctional Center (MCC), located at 17 Mallison Falls Rd., Windham, ME 04062.

12. Defendant WELLPATH LLC is a private, foreign corporate entity organized under state law with regional headquarters in Franklin, Tennessee. Wellpath LLC is contractually engaged by the MDOC to provide comprehensive medical, dental, and psychological healthcare services to prisoners across MDOC facilities, including MCC. At all times relevant, Wellpath LLC acted under color of state law within the meaning of 42 U.S.C. § 1983 under *West v. Atkins*, 487 U.S. 42 (1988), assuming state action duties for prison health administration.

13. Defendant STEPHANIE FLASH is, upon information and belief, an individual residing in the State of Maine, employed by Wellpath LLC as the Health Services Administrator (HSA) at MCC. She maintained direct administrative supervisory authority over all medical and dental triage, scheduling, staff compliance, and medical grievance reviews at MCC during all relevant periods. She acted under color of state law and is sued in her individual capacity for money damages.

14. Defendant DR. JEFFREY JORDAN, DDS is a licensed dentist in Maine, employed by or contracted with Wellpath LLC to provide prison dental care at MCC. He acted under color of state law and is sued in his individual capacity for money damages.

15. Defendant DR. DROHAN, DDS is a licensed dentist in Maine, employed by or contracted with Wellpath LLC to provide prison dental care at MCC. He acted under color of state law and is sued in his individual capacity for money damages.

16. Defendant DR. "SHERRY" is a licensed denturist / dental prosthetics specialist in Maine, employed by or contracted with Wellpath LLC to evaluate and fit prosthetics at MCC. She acted under color of state law and is sued in her individual capacity for money damages.

17. Defendants JANE DOES 1–5 are medical screening nurses, triage officers, unit health clerks, and administrative staff employed by Wellpath LLC at MCC who received, processed, intercepted, delayed, or suppressed Plaintiff's continuous stream of medical sick-call slips and grievances.

4

They acted under color of state law and are sued in their individual capacities for money damages.

---

## IV.    STATEMENT OF FACTS & ULTIMATE ALLEGATIONS

18. On June 9, 2026, Plaintiff Jon R. Adams was processed into the custody of the MDOC at the Maine Correctional Center (MCC) in Windham, Maine.

19. During initial medical intake screening on June 9, 2026, Plaintiff explicitly notified Defendant Jane Doe 1 and facility medical staff that he was completely edentulous (having zero natural or artificial teeth). Plaintiff immediately requested a soft-food dietary accommodation and an urgent dental referral for prosthetic evaluation, impression taking, and fitting.

20. Under long-standing federal constitutional law (*Farrow v. West*, 320 F.3d 1235, 1243–44 (11th Cir. 2003); *Hunt v. Dental Dept.*, 865 F.2d 198, 200–01 (9th Cir. 1989); *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)), a completely toothless oral cavity accompanied by an inability to chew food, gum bleeding, and chronic pain constitutes an acute, objectively serious medical and dental condition that mandates prompt medical intervention, soft-food dietary accommodations, and functional prosthetics.

21. Because Plaintiff lacks all teeth, he is physically unable to chew the standard solid prison meals served at MCC. Attempting to grind solid food between bare, unprotected gums causes constant severe friction trauma, active lacerations, gum hemorrhaging, inflammation, and excruciating pain throughout his jaw and oral cavity.

22. Because Defendants refused to issue a medically necessary soft-diet accommodation or provide functional dentures, Plaintiff has been forced to routinely skip meals, resulting in rapid weight loss, severe malnutrition, physical weakness, chronic gastrointestinal distress, and profound daily suffering.

5

23. From June 9, 2026, continuously through the present date, Plaintiff submitted dozens of written sick-call slips and emergency requests detailing his bleeding gums, inability to consume hard food, severe weight loss, unbearable pain, and urgent necessity for functional dentures or dental implants (see Exhibit A), as well as formal administrative medical grievances (see Exhibit B).

24. Defendants Stephanie Flash, Jane Does 1–5, Dr. Jeffrey Jordan, Dr. Drohan, and Dr. "Sherry" directly received, reviewed, processed, or held supervisory authority over these requests. Nevertheless, Defendants collectively failed and refused to schedule Plaintiff for a single dental triage appointment, preliminary impression, or medical examination, deliberately leaving him to suffer in severe pain and hunger.

25. On July 15, 2026, Plaintiff formally put Wellpath on direct, written notice of his unaddressed edentulous condition. Plaintiff served a detailed "Settlement Demand Letter & Notice of Intent to Sue" upon Wellpath LLC's corporate Legal Department in Franklin, TN (see Exhibit C). In this formal legal notice, Plaintiff extended a good-faith pre-litigation settlement offer paired with an immediate commitment to provide functional dental treatment and soft diets.

26. Defendant Wellpath LLC corporate leadership had explicit notice of Plaintiff's serious medical needs and failed to respond. Defendants ignored this formal legal notice, demonstrating an institutional policy, custom, and continuous practice of intentional non-responsiveness, stonewalling inmate grievances, and denying necessary medical and dental care to maximize corporate profit margins at the expense of inmate constitutional rights.

27. Defendants' refusal to schedule dental triage, provide soft diets, or deliver prosthetics is not an isolated incident or an inadvertent administrative error. Rather, it represents an intentional, facility-wide pattern, practice, and continuous policy of delaying, suppressing, and denying medically necessary dental prosthetics and dietary accommodations to incarcerated individuals in order to minimize operational costs and maximize corporate net profit margins for Defendant Wellpath LLC.

6

**Need for Immediate Emergency Relief & Imminent Irreparable Harm**

28. Plaintiff faces immediate, severe, and irreparable physical harm every single day that Defendants continue to deny him medically necessary soft-diet accommodations and appropriate dental treatment or prosthetics.

29. Because Plaintiff is completely edentulous, he is physically incapable of chewing standard facility meals. Forcing Plaintiff to consume solid food without functional teeth or a modified soft diet has resulted in ongoing gum ulceration, acute pain, bleeding, gastrointestinal distress, and severe physical deterioration.

30. Each day that passes without court intervention causes further irreversible damage to Plaintiff's physical health, nutritional status, and systemic well-being. Standard motion briefing schedules would force Plaintiff to endure weeks or months of unmanaged physical agony and progressive medical deterioration—a harm that cannot be remedied or compensated by monetary damages after the fact.

31. Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, emergency *ex parte* injunctive relief is essential to stop Defendants' ongoing deliberate indifference and to prevent immediate, irreversible physical injury before a formal response can be heard.

**Exhaustion of Administrative Remedies (PLRA Requirement) (42 U.S.C. § 1997e(a)):**

32. Plaintiff has fully exhausted all administrative grievance procedures available within the Maine Department of Corrections and Maine Correctional Center prior to filing this action, having submitted two (2) formal grievances through all available levels of administrative review without receiving constitutional remediation. Plaintiff's first administrative grievance was dismissed. Plaintiff's second administrative grievance was dismissed as "a duplicate".

33. Pursuant to the Maine Department of Corrections Prisoner Grievance Policy & Procedures, "*A MDOC Resident may not appeal a dismissed grievance*", making the grievance appeal process "unavailable" to

7

the Plaintiff under *Ross v. Blake*, 578 U.S. 632 (2016). The appeal process is only available for grievances that are denied, NOT dismissed. In the First Circuit, an unavailable administrative remedy satisfies legal exhaustion under the PLRA.

**Incorporation of Documentary Exhibits:**

34. All documentary evidence supporting Plaintiff's attempts to secure medical triage, dietary accommodations, and administrative or informal resolution are attached hereto and fully incorporated by reference pursuant to Rule 10(c) of the Federal Rules of Civil Procedure:

- **Exhibit A — Medical Sick-Call Slips & Triage Requests:** True and accurate copies of Plaintiff's continuous written sick-call slips, emergency medical requests, and health triage forms submitted to Defendants from June 9, 2026, to present, documenting severe edentulous pain, gum lacerations, and weight loss.
- **Exhibit B — Administrative Grievances & Responses:** True and accurate copies of Plaintiff's two (2) formal inmate administrative grievances and facility responses indicating the dismissals of his grievances.
- **Exhibit C — Pre-Litigation Settlement Demand & Notice:** A true and accurate copy of Plaintiff's formal Settlement Demand Letter & Notice of Intent to Sue, served upon Defendant Wellpath LLC on July 15, 2026.

---

## V. CLAIMS FOR RELIEF

**COUNT I: VIOLATION OF THE EIGHTH AMENDMENT (42 U.S.C. § 1983)**

*(Cruel and Unusual Punishment / Deliberate Indifference to Serious Medical Needs — Against All Individual Defendants)*

8

35. Plaintiff re-alleges and incorporates by reference each and every allegation contained in all preceding paragraphs of this Complaint as if fully set forth herein.

36. At all times relevant, Individual Defendants Flash, Jordan, Drohan, "Sherry", and Jane Does 1–5 acted under color of state law.

37. The Eighth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, prohibits the infliction of cruel and unusual punishment and imposes an affirmative duty on prison officials and private corporate medical contractors to provide adequate medical and dental care to incarcerated individuals (*Estelle v. Gamble*, 429 U.S. 97 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994)).

38. An edentulous state accompanied by bleeding gums, severe weight loss, inability to chew standard food, and chronic pain constitutes an objectively "serious medical need" under federal law (*Farmer*, 511 U.S. at 834; *Farrow v. West*, 320 F.3d 1235 (11th Cir. 2003); *Hunt v. Dental Dept.*, 865 F.2d 198 (9th Cir. 1989); *Chance v. Armstrong*, 143 F.3d 698 (2d Cir. 1998)).

39. Under controlling First Circuit precedent, prison medical staff demonstrate deliberate indifference when they knowingly deny, delay, or intentionally interfere with medically necessary treatment for non-medical reasons (*Leavitt v. Corr. Med. Servs., Inc.*, 645 F.3d 484, 497 (1st Cir. 2011); *Kosilek v. Spencer*, 774 F.3d 63, 82 (1st Cir. 2014); *Feeney v. Corr. Med. Servs., Inc.*, 464 F.3d 158, 162 (1st Cir. 2006); *Miranda v. Munoz*, 770 F.2d 255, 259 (1st Cir. 1985)).

40. Individual Defendants Stephanie Flash, Dr. Jeffrey Jordan, Dr. Drohan, Dr. "Sherry", and Jane Does 1–5 possessed actual, subjective knowledge of Plaintiff's serious medical condition through intake records, written sick-call slips, and administrative grievances detailing his inability to eat and active gum hemorrhaging.

9

41. Despite actual knowledge of substantial risks of physical harm, malnutrition, and ongoing severe pain, Defendants deliberately refused to evaluate, treat, or provide soft diets/dentures to Plaintiff, demonstrating a subjective state of mind equivalent to criminal recklessness in direct violation of the Eighth Amendment.

## COUNT II: CORPORATE MUNICIPAL LIABILITY UNDER *MONELL* (42 U.S.C. § 1983)

*(Unconstitutional Custom, Policy, & Practice — Against Defendant Wellpath LLC)*

42. Plaintiff re-alleges and incorporates by reference each and every allegation contained in all preceding paragraphs of this Complaint as if fully set forth herein.

43. Private corporate entities performing traditional public state functions—such as providing prison healthcare—act under color of state law and are subject to direct liability under 42 U.S.C. § 1983 pursuant to *West v. Atkins*, 487 U.S. 42 (1988) and *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978).

44. Defendant Wellpath LLC maintains an unconstitutional corporate custom, policy, and widespread practice of systematically delaying, deferring, or outright denying high-cost specialized medical and dental procedures—specifically including dental prosthetics, impression fabrications, and specialized dietary accommodations—to incarcerated individuals in order to contain operational costs and maximize corporate financial profit margins (*Buckley v. Hosp. Corp. of Am.*, 758 F.2d 1525 (11th Cir. 1985); *Street v. Corr. Corp. of Am.*, 102 F.3d 810 (6th Cir. 1996)).

45. Defendant Wellpath LLC receives fixed capitation fee payments from the state, creating a direct financial incentive to withhold costly specialized dental care and dietary accommodations, which served as a direct "moving force" behind the constitutional deprivations alleged herein.

46. Defendant Wellpath LLC failed to properly train, supervise, or discipline its healthcare employees (Defendants Flash, Jordan, Drohan, "Sherry", and Jane Does 1–5) regarding mandatory constitutional

10

standards for dental intake, processing sick-call slips, and delivering necessary dental prosthetics, directly causing the deliberate indifference inflicted upon Plaintiff.

47. Defendant Wellpath LLC's corporate management and regional executives had actual, written notice of Plaintiff's acute edentulous condition and total denial of care via formal legal notice served on July 15, 2026, yet failed to take corrective action, thereby ratifying the unconstitutional custom and policy of denying necessary care to contain corporate operational costs.

48. Defendant Wellpath LLC's unconstitutional policies, customs, practices, failure to train/supervise, and official ratification were the direct moving force behind the constitutional violations suffered by Plaintiff, rendering Wellpath LLC directly liable under Section 1983 (*Monell*, 436 U.S. at 694; *Leavitt*, 645 F.3d at 504; *Rodriguez-Garcia v. Miranda-Marin*, 610 F.3d 756, 769 (1st Cir. 2010)).

## VI.    STATE LAW CLAIMS

### COUNT III: VIOLATION OF MAINE CIVIL RIGHTS ACT (5 M.R.S. § 4682)

**(Cruel & Unusual Punishment via Coercion & Intimidation — Against All Defendants)**

49. Plaintiff re-alleges and incorporates by reference each and every allegation contained in all preceding paragraphs of this Complaint as if fully set forth herein.

50. The Maine Civil Rights Act (MCRA), 5 M.R.S. § 4682, provides a direct statutory cause of action against any person who intentionally interferes or attempts to interfere by **threats, intimidation, or coercion** with the exercise or enjoyment by any other person of rights secured by the Constitution or laws of the United States or Maine.

11

51. Defendants' deliberate indifference, deliberate withholding of dental prosthetics and soft diets, and denial of basic medical triage constitute cruel and unusual punishment under Article I, Section 9 of the Maine Constitution and the Eighth Amendment to the U.S. Constitution.

52. Defendants intentionally interfered with Plaintiff's constitutional rights through direct and structural **coercion, threats, and intimidation** inherent in institutional custody and medical gatekeeping, specifically including:

- **Coercion via Gatekeeping & Disciplinary Threat:** Defendants maintained exclusive control over facility food delivery, medical intake, and prescription diets, coercing Plaintiff into choosing between severe oral trauma/bleeding from hard meals or enduring severe starvation and weight loss.
- **Intimidation & Suppression of Grievances:** Defendants coerced compliance and suppressed Plaintiff's attempts to secure outside medical or dental intervention through the implicit and explicit threat of institutional disciplinary sanctions, loss of privileges, or administrative segregation should Plaintiff attempt to obtain non-standard meals or bypass prison healthcare protocols.
- **Exploitation of Involuntary Confinement:** Defendants leveraged Plaintiff's complete physical dependence on facility staff to enforce non-treatment, intentionally using the coercive nature of correctional confinement to deny necessary dental care and dietary modifications.

53. As a direct and proximate result of Defendants' intentional, coercive interference with his constitutional rights under 5 M.R.S. § 4682, Plaintiff suffered and continues to suffer severe physical trauma, chronic daily pain, acute malnutrition, and deep psychological distress.

12

## VII.   PRAYER FOR RELIEF & MAXIMUM MONETARY DEMANDS

WHEREFORE, Plaintiff JON R. ADAMS respectfully prays that this Court enter judgment against Defendants, jointly and severally, and grant the following relief to the fullest extent permitted by law:

- **A. EMERGENCY PRELIMINARY & PERMANENT INJUNCTIVE RELIEF:** Issue an immediate mandatory Order compelling Defendants to: (1) schedule Plaintiff for a comprehensive dental examination and impression taking within seven (7) days; (2) fabricate and deliver fully functional, customized dentures or implants within fourteen (14) days; and (3) immediately place Plaintiff on a soft-food dietary accommodation and nutritional supplement plan until prosthetics are fully delivered.

- **B. DECLARATORY RELIEF:** Issue a declaratory judgment pursuant to 28 U.S.C. § 2201 declaring that Defendants' policies, customs, practices, and deliberate indifference toward Plaintiff's edentulous condition violate the Eighth and Fourteenth Amendments to the U.S. Constitution and the Maine Civil Rights Act (5 M.R.S. § 4682).

- **C. MAXIMUM COMPENSATORY DAMAGES:** Award Plaintiff substantial compensatory damages against all Defendants, jointly and severally, in an amount to be determined at trial (demanding maximum allowable recovery), for severe physical pain, open gum lacerations, malnutrition, weight loss, mental anguish, emotional distress, and permanent tissue impairment pursuant to 42 U.S.C. § 1983 and Maine state law.

- **D. MAXIMUM PUNITIVE DAMAGES:** Award maximum punitive damages under federal law (42 U.S.C. § 1983) and Maine state law against Defendant Wellpath LLC and individual Defendants in their personal capacities to punish their willful, wanton, malicious, and outrageously reckless corporate behavior, and to deter future healthcare abuses against incarcerated individuals (*Smith v. Wade*, 461 U.S. 30 (1983); *Tuttle v. Raymond*, 494 A.2d 1353 (Me. 1985); *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996)).

13

- **E. STATUTORY DAMAGES:** Award full statutory civil remedies and damages arising under 42 U.S.C. § 1983 and the Maine Civil Rights Act (5 M.R.S. § 4682).

- **F. COSTS AND LITIGATION EXPENSES:** Award Plaintiff all costs of suit, filing fees, administrative expenses, process service costs, expert fees, statutory attorney/litigation fees pursuant to 42 U.S.C. § 1988 and 5 M.R.S. § 4682, and pre- and post-judgment interest at the maximum statutory rate.

- **G. ADDITIONAL RELIEF:** Grant such other, further, and additional legal or equitable relief as this Court deems just, proper, and necessary to enforce full legal accountability and punishment.

## VIII.   JURY TRIAL DEMAND

Plaintiff JON R. ADAMS hereby demands a TRIAL BY JURY on all claims and issues so triable in this action pursuant to Rule 38 of the Federal Rules of Civil Procedure and the Seventh Amendment to the United States Constitution.

## VERIFICATION

I, Jon R. Adams, Plaintiff in the foregoing action, depose and state under penalty of perjury pursuant to 28 U.S.C. § 1746 that I have read the foregoing Verified COMPLAINT, that I know and understand the contents thereof, and that the facts stated therein are true and correct to the best of my knowledge, information, and belief.

Executed this 5th day of August, 2026.

**JON R. ADAMS**, Plaintiff *Pro Se*

MDOC No. 13557, Maine Correctional Center

17 Mallison Falls Rd., Windham, ME 04062

Email: jon.adams@mdoc.education

14



## MAINE DEPARTMENT OF CORRECTIONS
## SICK CALL SLIP

I request health care services as follows: ☐ Medical ☑ Dental ☐ Eye ☐ Mental Health

☐ Other (specify): _____

Resident Name _Jon R. Adams_    MDOC Number _13557_    Housing Unit _Unit One - Echo Pod_
(PLEASE PRINT)

Specifically list each and every problem or request (You will not be seen for any issue not listed):

_Please See me for Dentures ASAP. I have NO teeth And Am having A very very hard time eating just About All the food. Not to mention, my gums Are very painful swollen, they bleed everytime I try to eat Anything. I need dentures immediately please - Thank you._

By my signature, I hereby indicate that I understand that, in accordance with 34-A M.R.S.A. Section 3031 and MDOC Policy 18.1, I may be charged $5.00 for each visit for medical (including eye) or dental services obtained at my request and $3.00 for each prescription medication, non-prescription medication, durable medical equipment and eye glasses. I understand that any charge for these services and/or items shall be withdrawn automatically from my general account. I will not receive a receipt for the withdrawal. I will receive a copy of the bottom section of this sick call slip on the date of service, for my records. I may review the balance of my general account, as provided by facility procedures.

Signature of Resident _____    Date of Birth _4-25-1981_    Date signed (month, day, year) _June 6, 2026_

PLACE THIS SLIP IN THE MEDICAL BOX OR DESIGNATED AREA – DO NOT WRITE BELOW THIS LINE

### TO BE COMPLETED BY HEALTH CARE STAFF

Received by: _____    Date/Time: _____

Reviewed by: _____    Date/Time: _____

Response of Health Care staff: _____

_____

_____

_____

_____

Signature/Title: _____    Date/Time: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### TO BE COMPLETED BY HEALTH CARE STAFF FOR BUSINESS OFFICE USE

Amount of Co-Payment    Total Amount of Co-Payment $ _____

$5.00 ☐ Health Care Contact ☐ Dental

$3.00 ☐ Medication ☐ Equipment ☐ Glasses

Signature of Health Care Staff _____    Date of Service _____

FULL NAME OF RESIDENT    MDOC NUMBER    DATE OF BIRTH

_____    _____    _____

_SICK CALL SLIP_
Distribution: White: Medical/Business Office   Yellow: Resident

DOC FORM    A – 18.3 – B – C – 2/15/13R

## MAINE DEPARTMENT OF CORRECTIONS
## SICK CALL SLIP

I request health care services as follows: ☐ Medical ☒ Dental ☐ Eye ☐ Mental Health
☐ Other (specify): _____

Jon Adams                    13557              Echo Pod
**Resident Name (PLEASE PRINT)**    **MDOC Number**        **Housing Unit**

Specifically list each and every problem or request (You will not be seen for any issue not listed):

I NEED TO PLEASE BE FITTED FOR Dentures
or implants. I need to be able to eat food.
I cannot eat most of the food being served
My exposed gums cannot handle it. It's very
Painful to eat. My gums are swollen, and I'm having
digestive problems. Please See me ASAP - Please !!!

By my signature, I hereby indicate that I understand that, in accordance with 34-A M.R.S.A. Section 3031 and MDOC Policy 18.1, I may be charged $5.00 for each visit for medical (including eye) or dental services obtained at my request and $3.00 for each prescription medication, non-prescription medication, durable medical equipment and eye glasses. I understand that any charge for these services and/or items shall be withdrawn automatically from my general account. I will not receive a receipt for the withdrawal. I will receive a copy of the bottom section of this sick call slip on the date of service, for my records. I may review the balance of my general account, as provided by facility procedures.

_____    April 25, 1981    6/10/26
**Signature of Resident**        **Date of Birth**      **Date signed (month, day, year)**

### PLACE THIS SLIP IN THE MEDICAL BOX OR DESIGNATED AREA – DO NOT WRITE BELOW THIS LINE
### TO BE COMPLETED BY HEALTH CARE STAFF

Received by: _____    Date/Time: _____

Reviewed by: _____    Date/Time: _____

Response of Health Care staff: _____

_____

_____

_____

_____

Signature/Title: _____    Date/Time: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### TO BE COMPLETED BY HEALTH CARE STAFF FOR BUSINESS OFFICE USE

Amount of Co-Payment            **Total Amount of Co-Payment $ _____**

$5.00 ☐ Health Care Contact ☐ Dental

$3.00 ☐ Medication ☐ Equipment ☐ Glasses

Signature of Health Care Staff _____ Date of Service_____

**FULL NAME OF RESIDENT**         **MDOC NUMBER**          **DATE OF BIRTH**

_____    _____    _____

SICK CALL SLIP                    DOC FORM                    A – 18.3 – B – C – 2/15/13R
Distribution: White: Medical/Business Office  Yellow: Resident

## MAINE DEPARTMENT OF CORRECTIONS
## SICK CALL SLIP

I request health care services as follows: ☐ Medical  ☑ Dental  ☐ Eye  ☐ Mental Health

☐ Other (specify): _____

Jon Adams                    13557              Echo
Resident Name **(PLEASE PRINT)**         MDOC Number         Housing Unit

Specifically list each and every problem or request (You will not be seen for any issue not listed):

I need to See the Dentist Please.
I have NO - (ZERO) teeth, And
I need teeth.
   Could I Please be seen ASAP to be fitted
for dentures, Im having difficulties eating Certain
foods.

By my signature, I hereby indicate that I understand that, in accordance with 34-A M.R.S.A. Section 3031 and MDOC Policy 18.1, I may be charged $5.00 for each visit for medical (including eye) or dental services obtained at my request and $3.00 for each prescription medication, non-prescription medication, durable medical equipment and eye glasses. I understand that any charge for these services and/or items shall be withdrawn automatically from my general account. I will not receive a receipt for the withdrawal. I will receive a copy of the bottom section of this sick call slip on the date of service, for my records. I may review the balance of my general account, as provided by facility procedures.

_____        4/25/1981          6-15-26
Signature of Resident              Date of Birth       Date signed (month, day, year)

PLACE THIS SLIP IN THE MEDICAL BOX OR DESIGNATED AREA – DO NOT WRITE BELOW THIS LINE

### TO BE COMPLETED BY HEALTH CARE STAFF

Received by: _____  Date/Time: _____

Reviewed by: _____  Date/Time: _____

Response of Health Care staff: _____
_____
_____
_____
_____

Signature/Title: _____  Date/Time: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### TO BE COMPLETED BY HEALTH CARE STAFF FOR BUSINESS OFFICE USE

Amount of Co-Payment                    Total Amount of Co-Payment $ _____

$5.00 ☐ Health Care Contact  ☐ Dental

$3.00 ☐ Medication  ☐ Equipment  ☐ Glasses

Signature of Health Care Staff _____  Date of Service_____

FULL NAME OF RESIDENT            MDOC NUMBER            DATE OF BIRTH

_____      _____      _____

SICK CALL SLIP                        DOC FORM                A – 18.3 – B – C – 2/15/13R
Distribution: White: Medical/Business Office  Yellow: Resident

**MAINE DEPARTMENT OF CORRECTIONS**
**SICK CALL SLIP**

I request health care services as follows: ☐ Medical ☐ Dental ☐ Eye ☑ Mental Health
☐ Other (specify): _____

_Jon Adams_ _13557_ _Echo # 20_
**Resident Name** (PLEASE PRINT)   **MDOC Number**   **Housing Unit**

Specifically list each and every problem or request (You will not be seen for any issue not listed):

Could I Please See Someone from mental
health.
Thank you Very much

By my signature, I hereby indicate that I understand that, in accordance with 34-A M.R.S.A. Section 3031 and MDOC Policy 18.1, I may be charged $5.00 for each visit for medical (including eye) or dental services obtained at my request and $3.00 for each prescription medication, non-prescription medication, durable medical equipment and eye glasses. I understand that any charge for these services and/or items shall be withdrawn automatically from my general account. I will not receive a receipt for the withdrawal. I will receive a copy of the bottom section of this sick call slip on the date of service, for my records. I may review the balance of my general account, as provided by facility procedures.

_4/25/1981_ _6-18-26_
**Signature of Resident**   **Date of Birth**   **Date signed** (*month, day, year*)

**PLACE THIS SLIP IN THE MEDICAL BOX OR DESIGNATED AREA – DO NOT WRITE BELOW THIS LINE**
**TO BE COMPLETED BY HEALTH CARE STAFF**

**Received by:** _____   **Date/Time:** _____

**Reviewed by:** _____   **Date/Time:** _____

**Response of Health Care staff:** _____

_____

_____

_____

_____

**Signature/Title:** _____   **Date/Time:** _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**TO BE COMPLETED BY HEALTH CARE STAFF FOR BUSINESS OFFICE USE**

**Amount of Co-Payment**   **Total Amount of Co-Payment $** _____

$5.00 ☐ Health Care Contact ☐ Dental

$3.00 ☐ Medication ☐ Equipment ☐ Glasses

**Signature of Health Care Staff** _____   **Date of Service** _____

**FULL NAME OF RESIDENT**   **MDOC NUMBER**   **DATE OF BIRTH**

_____   _____   _____

*SICK CALL SLIP*   DOC FORM   A – 18.3 – B – C – 2/15/13R
Distribution: White: Medical/Business Office   Yellow: Resident

## MAINE DEPARTMENT OF CORRECTIONS
## SICK CALL SLIP

I request health care services as follows: ☐ Medical ☑ Dental ☐ Eye ☐ Mental Health
☐ Other (specify): _____

Jon Adams                    13557              Unit 2 - Dorm 5
**Resident Name (PLEASE PRINT)**    **MDOC Number**         **Housing Unit**

Specifically list each and every problem or request (You will not be seen for any issue not listed):

I need to be Seen by Dental please! I have NO teeth, And My gums Are swollen, very painful, I am not Able to Eat and chew properly, I've been here over A month now And have been requesting to be Seen by A Dentist for dentures or Implants - I don't care which, And Nobody has responded to my request or Scheduled me my Appointments.

By my signature, I hereby indicate that I understand that, in accordance with 34-A M.R.S.A. Section 3031 and MDOC Policy 18.1, I may be charged $5.00 for each visit for medical (including eye) or dental services obtained at my request and $3.00 for each prescription medication, non-prescription medication, durable medical equipment and eye glasses. I understand that any charge for these services and/or items shall be withdrawn automatically from my general account. I will not receive a receipt for the withdrawal. I will receive a copy of the bottom section of this sick call slip on the date of service, for my records. I may review the balance of my general account, as provided by facility procedures.

_____    4.25.1981    7-6-26
**Signature of Resident**         **Date of Birth**    **Date signed (month, day, year)**

### PLACE THIS SLIP IN THE MEDICAL BOX OR DESIGNATED AREA – DO NOT WRITE BELOW THIS LINE
### TO BE COMPLETED BY HEALTH CARE STAFF

**Received by:** _____    **Date/Time:** _____

**Reviewed by:** _____    **Date/Time:** _____

**Response of Health Care staff:** _____

_____

_____

_____

_____

**Signature/Title:** _____    **Date/Time:** _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### TO BE COMPLETED BY HEALTH CARE STAFF FOR BUSINESS OFFICE USE
**Amount of Co-Payment**              **Total Amount of Co-Payment $** _____

$5.00 ☐ Health Care Contact ☐ Dental

$3.00 ☐ Medication ☐ Equipment ☐ Glasses

**Signature of Health Care Staff** _____  **Date of Service** _____

**FULL NAME OF RESIDENT**        **MDOC NUMBER**        **DATE OF BIRTH**

_____    _____    _____

*SICK CALL SLIP*                    DOC FORM                    A – 18.3 – B – C – 2/15/13R
Distribution: White: Medical/Business Office  Yellow: Resident

MAINE DEPARTMENT OF CORRECTIONS
SICK CALL SLIP

I request health care services as follows:  ☐ Medical  ☑ Dental  ☐ Eye  ☐ Mental Health
☐ Other (specify): _____

Jon R. Adams _____ 13557 _____ Unit 2 - Dorm 5
Resident Name (PLEASE PRINT)    MDOC Number    Housing Unit

Specifically list each and every problem or request (You will not be seen for any issue not listed):

Can I please See the dentist ASAP for denture
fitting. I have No teeth And my gums are And have
been Swollen very very Painful, And I'm Not
Able to chew properly Nor Am I Able to eat
Certain to must foods due to having no teeth.
I've been Asking to be Seen Since my arrival here more than a
month

By my signature, I hereby indicate that I understand that, in accordance with 34-A M.R.S.A. Section 3031 and MDOC
Policy 18.1, I may be charged $5.00 for each visit for medical (including eye) or dental services obtained at my request
and $3.00 for each prescription medication, non-prescription medication, durable medical equipment and eye glasses. I
understand that any charge for these services and/or items shall be withdrawn automatically from my general account. I
will not receive a receipt for the withdrawal. I will receive a copy of the bottom section of this sick call slip on the date of
service, for my records. I may review the balance of my general account, as provided by facility procedures.

_____    4/25/1981 _____ 7.8.26
Signature of Resident    Date of Birth    Date signed (month, day, year)

PLACE THIS SLIP IN THE MEDICAL BOX OR DESIGNATED AREA – DO NOT WRITE BELOW THIS LINE
TO BE COMPLETED BY HEALTH CARE STAFF

Received by: _____    Date/Time: _____

Reviewed by: _____    Date/Time: _____

Response of Health Care staff: _____

_____

_____

_____

_____

Signature/Title: _____    Date/Time: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TO BE COMPLETED BY HEALTH CARE STAFF FOR BUSINESS OFFICE USE
Amount of Co-Payment    Total Amount of Co-Payment $ _____

$5.00 ☐ Health Care Contact  ☐ Dental

$3.00 ☐ Medication  ☐ Equipment  ☐ Glasses

Signature of Health Care Staff _____ Date of Service_____

FULL NAME OF RESIDENT    MDOC NUMBER    DATE OF BIRTH

_____    _____    _____

SICK CALL SLIP    DOC FORM    A – 18.3 – B – C – 2/15/13R
Distribution: White: Medical/Business Office  Yellow: Resident

MAINE DEPARTMENT OF CORRECTIONS
SICK CALL SLIP

I request health care services as follows: ☐ Medical ☑ Dental ☐ Eye ☐ Mental Health
☐ Other (specify): _____

Jon R. Adams          13557          Dorm #5
Resident Name (PLEASE PRINT)      MDOC Number        Housing Unit

Specifically list each and every problem or request (You will not be seen for any issue not listed):

I Need to be Seen for dentures ASAP.
I've had to go Almost 2 months now
With No teeth. I CAnt eat Certain to
most foods, my gums Are Swollen And Very Painful.
I've been requesting dentures Since my Arrival
here And now there will be Judicial intervention.

By my signature, I hereby indicate that I understand that, in accordance with 34-A M.R.S.A. Section 3031 and MDOC Policy 18.1, I may be charged $5.00 for each visit for medical (including eye) or dental services obtained at my request and $3.00 for each prescription medication, non-prescription medication, durable medical equipment and eye glasses. I understand that any charge for these services and/or items shall be withdrawn automatically from my general account. I will not receive a receipt for the withdrawal. I will receive a copy of the bottom section of this sick call slip on the date of service, for my records. I may review the balance of my general account, as provided by facility procedures.

_____    4-25-81    7-13-26
Signature of Resident       Date of Birth    Date signed (month, day, year)

PLACE THIS SLIP IN THE MEDICAL BOX OR DESIGNATED AREA – DO NOT WRITE BELOW THIS LINE

TO BE COMPLETED BY HEALTH CARE STAFF

Received by: _____    Date/Time: _____

Reviewed by: _____    Date/Time: _____

Response of Health Care staff: _____
_____
_____
_____
_____

Signature/Title: _____    Date/Time: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TO BE COMPLETED BY HEALTH CARE STAFF FOR BUSINESS OFFICE USE

Amount of Co-Payment          Total Amount of Co-Payment $ _____

$5.00 ☐ Health Care Contact ☐ Dental

$3.00 ☐ Medication ☐ Equipment ☐ Glasses

Signature of Health Care Staff _____    Date of Service _____

FULL NAME OF RESIDENT          MDOC NUMBER          DATE OF BIRTH

_____    _____    _____

SICK CALL SLIP          DOC FORM          A – 18.3 – B – C – 2/15/13R
Distribution: White: Medical/Business Office   Yellow: Resident

## MAINE DEPARTMENT OF CORRECTIONS
## SICK CALL SLIP

I request health care services as follows: [✓] **Medical** [ ] **Dental** [ ] **Eye** [ ] **Mental Health**

[ ] **Other (specify):** _____

Jon Adams                    13557              Unit # Dorm 5

**Resident Name (PLEASE PRINT)**    **MDOC Number**    **Housing Unit**

**Specifically list each and every problem or request (You will not be seen for any issue not listed):**

Have I Been Scheduled for An Orthopedic Appointment for A hip-replacement yet? A referral was submitted for this back in June And I Am Asking If An Appointment has been Set. Im NOT Asking When — Im Asking IF One has been Set.

By my signature, I hereby indicate that I understand that, in accordance with 34-A M.R.S.A. Section 3031 and MDOC Policy 18.1, I may be charged $5.00 for each visit for medical (including eye) or dental services obtained at my request and $3.00 for each prescription medication, non-prescription medication, durable medical equipment and eye glasses. I understand that any charge for these services and/or items shall be withdrawn automatically from my general account. I will not receive a receipt for the withdrawal. I will receive a copy of the bottom section of this sick call slip on the date of service, for my records. I may review the balance of my general account, as provided by facility procedures.

_____    4-25-81              7-17-26

**Signature of Resident**    **Date of Birth**    **Date signed (month, day, year)**

### PLACE THIS SLIP IN THE MEDICAL BOX OR DESIGNATED AREA – DO NOT WRITE BELOW THIS LINE
### TO BE COMPLETED BY HEALTH CARE STAFF

**Received by:** _____    **Date/Time:** _____

**Reviewed by:** _____    **Date/Time:** _____

**Response of Health Care staff:** _____

_____

_____

_____

_____

**Signature/Title:** _____    **Date/Time:** _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### TO BE COMPLETED BY HEALTH CARE STAFF FOR BUSINESS OFFICE USE

**Total Amount of Co-Payment $** _____

**Amount of Co-Payment**

$5.00 [ ] **Health Care Contact** [ ] **Dental**

$3.00 [ ] **Medication** [ ] **Equipment** [ ] **Glasses**

**Signature of Health Care Staff** _____    **Date of Service** _____

**FULL NAME OF RESIDENT**        **MDOC NUMBER**        **DATE OF BIRTH**

_____    _____    _____

*SICK CALL SLIP*                    DOC FORM                    A – 18.3 – B – C – 2/15/13R
Distribution:  White: Medical/Business Office   Yellow: Resident

MAINE DEPARTMENT OF CORRECTIONS
SICK CALL SLIP

I request health care services as follows: ☐ Medical ☑ (Dental) ☐ Eye ☐ Mental Health
☐ Other (specify): _____

Jon Adams                    13537          Unit 2 - D - 5
**Resident Name (PLEASE PRINT)**        **MDOC Number**          **Housing Unit**

Specifically list each and every problem or request (You will not be seen for any issue not listed):

Ive been here almost 2 months now — Requesting Week After
Week to get dentures because Ive got NO TEETH And I
Cant eat 95% of the food being Served — I cant chew, my guns
Are Swollen And bleeding very Painful Im forced to Swallow
some of the food in whole — thats (As A resut Causing me
intestinal Issues. I Need Dentures ASAP. Its Going on 2 months

By my signature, I hereby indicate that I understand that, in accordance with 34-A M.R.S.A. Section 3031 and MDOC
Policy 18.1, I may be charged $5.00 for each visit for medical (including eye) or dental services obtained at my request
and $3.00 for each prescription medication, non-prescription medication, durable medical equipment and eye glasses. I
understand that any charge for these services and/or items shall be withdrawn automatically from my general account. I
will not receive a receipt for the withdrawal. I will receive a copy of the bottom section of this sick call slip on the date of
service, for my records. I may review the balance of my general account, as provided by facility procedures.

_____        April 25, 1981        July 19 2024
**Signature of Resident**              **Date of Birth**          **Date signed (month, day, year)**

PLACE THIS SLIP IN THE MEDICAL BOX OR DESIGNATED AREA – DO NOT WRITE BELOW THIS LINE
TO BE COMPLETED BY HEALTH CARE STAFF

Received by: _____        Date/Time: _____

Reviewed by: _____        Date/Time: _____

Response of Health Care staff: _____
_____
_____
_____
_____

Signature/Title: _____        Date/Time: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TO BE COMPLETED BY HEALTH CARE STAFF FOR BUSINESS OFFICE USE
Amount of Co-Payment                Total Amount of Co-Payment $ _____

$5.00 ☐ Health Care Contact ☐ Dental

$3.00 ☐ Medication ☐ Equipment ☐ Glasses

Signature of Health Care Staff _____ Date of Service _____

**FULL NAME OF RESIDENT**            **MDOC NUMBER**            **DATE OF BIRTH**

_____        _____        _____

*SICK CALL SLIP*                          DOC FORM                    A – 18.3 – B – C – 2/15/13R
Distribution: White: Medical/Business Office  Yellow: Resident

MAINE DEPARTMENT OF CORRECTIONS
SICK CALL SLIP

I request health care services as follows: ☐ Medical ☑ Dental ☐ Eye ☐ Mental Health
☐ Other (specify): _____

Jon R. Adams                    13557            Unit II - Dorm 5
Resident Name (PLEASE PRINT)         MDOC Number              Housing Unit

Specifically list each and every problem or request (You will not be seen for any issue not listed):

I need to see the denturist for dentures Please!! I have Zero teeth and my gums have been swollen, bleeding, very painful and I cannot eat most of the food Most of the foods that are nutricious I cannot eat with No teeth. Ive been asking for dentures since Ive been here And it's been Almost 2 months

By my signature, I hereby indicate that I understand that, in accordance with 34-A M.R.S.A. Section 3031 and MDOC Policy 18.1, I may be charged $5.00 for each visit for medical (including eye) or dental services obtained at my request and $3.00 for each prescription medication, non-prescription medication, durable medical equipment and eye glasses. I understand that any charge for these services and/or items shall be withdrawn automatically from my general account. I will not receive a receipt for the withdrawal. I will receive a copy of the bottom section of this sick call slip on the date of service, for my records. I may review the balance of my general account, as provided by facility procedures.

_____        04-25-1981            07-20-2026
Signature of Resident            Date of Birth         Date signed (month, day, year)

PLACE THIS SLIP IN THE MEDICAL BOX OR DESIGNATED AREA – DO NOT WRITE BELOW THIS LINE

TO BE COMPLETED BY HEALTH CARE STAFF

Received by: _____    Date/Time: _____

Reviewed by: _____    Date/Time: _____

Response of Health Care staff: _____
_____
_____
_____
_____

Signature/Title: _____    Date/Time: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TO BE COMPLETED BY HEALTH CARE STAFF FOR BUSINESS OFFICE USE

Amount of Co-Payment                    Total Amount of Co-Payment $ _____

$5.00 ☐ Health Care Contact ☐ Dental

$3.00 ☐ Medication ☐ Equipment ☐ Glasses

Signature of Health Care Staff _____    Date of Service _____

FULL NAME OF RESIDENT                MDOC NUMBER                DATE OF BIRTH

_____        _____        _____

SICK CALL SLIP                        DOC FORM                    A – 18.3 – B – C – 2/15/13R
Distribution: White: Medical/Business Office   Yellow: Resident

# MAINE DEPARTMENT OF CORRECTIONS
## SICK CALL SLIP

I request health care services as follows: ☐ Medical  ☑ Dental  ☐ Eye  ☐ Mental Health

☐ Other (specify): _____

Jon Adams     13557     Unit # Dorm 5

_____     _____     _____
Resident Name (PLEASE PRINT)     MDOC Number     Housing Unit

Specifically list each and every problem or request (You will not be seen for any issue not listed):

I need dentures. I have been Asking now for About 2 entire months. I've Not been Seen by A denturist And My gums Are swollen, very Painful, bleeding, I cant chew Solid food here, I Am losing A lot of Weight, And I'm forced to forgo most meals. I Need dentures very Badly.

By my signature, I hereby indicate that I understand that, in accordance with 34-A M.R.S.A. Section 3031 and MDOC Policy 18.1, I may be charged $5.00 for each visit for medical (including eye) or dental services obtained at my request and $3.00 for each prescription medication, non-prescription medication, durable medical equipment and eye glasses. I understand that any charge for these services and/or items shall be withdrawn automatically from my general account. I will not receive a receipt for the withdrawal. I will receive a copy of the bottom section of this sick call slip on the date of service, for my records. I may review the balance of my general account, as provided by facility procedures.

_____     04/25/1981     July 26, 2026
Signature of Resident     Date of Birth     Date signed (month, day, year)

PLACE THIS SLIP IN THE MEDICAL BOX OR DESIGNATED AREA – DO NOT WRITE BELOW THIS LINE

### TO BE COMPLETED BY HEALTH CARE STAFF

Received by: _____     Date/Time: _____

Reviewed by: _____     Date/Time: _____

Response of Health Care staff: _____
_____
_____
_____
_____

Signature/Title: _____     Date/Time: _____

### TO BE COMPLETED BY HEALTH CARE STAFF FOR BUSINESS OFFICE USE

Total Amount of Co-Payment $ _____

Amount of Co-Payment

$5.00 ☐ Health Care Contact  ☐ Dental

$3.00 ☐ Medication  ☐ Equipment  ☐ Glasses

Signature of Health Care Staff _____     Date of Service _____

FULL NAME OF RESIDENT     MDOC NUMBER     DATE OF BIRTH

_____     _____     _____

DOC FORM     A – 18.3 – B – C – 2/15/13R

SICK CALL SLIP
Distribution: White: Medical/Business Office   Yellow: Resident

## MAINE DEPARTMENT OF CORRECTIONS
## SICK CALL SLIP

I request health care services as follows: ☐ Medical  ☐ Dental  ☐ Eye  ☑ Mental Health

☐ Other (specify): _____

Jon Adams                    13557                    Dorm 5
**Resident Name (PLEASE PRINT)**      **MDOC Number**         **Housing Unit**

Specifically list each and every problem or request (You will not be seen for any issue not listed):

Can I Please See Lauren From mental Health. Thank you very much -

By my signature, I hereby indicate that I understand that, in accordance with 34-A M.R.S.A. Section 3031 and MDOC Policy 18.1, I may be charged $5.00 for each visit for medical (including eye) or dental services obtained at my request and $3.00 for each prescription medication, non-prescription medication, durable medical equipment and eye glasses. I understand that any charge for these services and/or items shall be withdrawn automatically from my general account. I will not receive a receipt for the withdrawal. I will receive a copy of the bottom section of this sick call slip on the date of service, for my records. I may review the balance of my general account, as provided by facility procedures.

_____        04/25/1981        July 26, 2026
**Signature of Resident**          **Date of Birth**        **Date signed (month, day, year)**

### PLACE THIS SLIP IN THE MEDICAL BOX OR DESIGNATED AREA – DO NOT WRITE BELOW THIS LINE

#### TO BE COMPLETED BY HEALTH CARE STAFF

Received by: _____    Date/Time: _____

Reviewed by: _____    Date/Time: _____

Response of Health Care staff: _____

_____

_____

_____

_____

Signature/Title: _____    Date/Time: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

#### TO BE COMPLETED BY HEALTH CARE STAFF FOR BUSINESS OFFICE USE

Amount of Co-Payment                    Total Amount of Co-Payment $ _____

$5.00 ☐ Health Care Contact  ☐ Dental

$3.00 ☐ Medication  ☐ Equipment  ☐ Glasses

Signature of Health Care Staff _____    Date of Service _____

**FULL NAME OF RESIDENT**            **MDOC NUMBER**            **DATE OF BIRTH**

_____        _____        _____

*SICK CALL SLIP*                    DOC FORM                    A – 18.3 – B – C – 2/15/13R
Distribution: White: Medical/Business Office  Yellow: Resident

## MAINE DEPARTMENT OF CORRECTIONS
## SICK CALL SLIP

I request health care services as follows: ☐ Medical ☑ Dental ☐ Eye ☐ Mental Health
☐ Other (specify): _____

Jon Adams  13557  Dorm 5

**Resident Name (PLEASE PRINT)**  **MDOC Number**  **Housing Unit**

Specifically list each and every problem or request (You will not be seen for any issue not listed):

I Need dentures please !! I AM in severe pain. I cannot properly Eat and chew Any Kinds of Solid foods being Served here. My Gums Are Swollen Bleeding very very Sore. All of my Sick Call Slips J (Dental One's only) Are being IGnoRed. Why Are You Guys Not following Policy? Im losing Weight.

By my signature, I hereby indicate that I understand that, in accordance with 34-A M.R.S.A. Section 3031 and MDOC Policy 18.1, I may be charged $5.00 for each visit for medical (including eye) or dental services obtained at my request and $3.00 for each prescription medication, non-prescription medication, durable medical equipment and eye glasses. I understand that any charge for these services and/or items shall be withdrawn automatically from my general account. I will not receive a receipt for the withdrawal. I will receive a copy of the bottom section of this sick call slip on the date of service, for my records. I may review the balance of my general account, as provided by facility procedures.

_____ April 25, 1981 JULY 29, 2026

**Signature of Resident**  **Date of Birth**  **Date signed (month, day, year)**

PLACE THIS SLIP IN THE MEDICAL BOX OR DESIGNATED AREA – DO NOT WRITE BELOW THIS LINE

### TO BE COMPLETED BY HEALTH CARE STAFF

Received by: _____ Date/Time: _____

Reviewed by: _____ Date/Time: _____

Response of Health Care staff: _____

_____

_____

_____

_____

Signature/Title: _____ Date/Time: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### TO BE COMPLETED BY HEALTH CARE STAFF FOR BUSINESS OFFICE USE

**Amount of Co-Payment**  **Total Amount of Co-Payment $ _____**

$5.00 ☐ Health Care Contact ☐ Dental

$3.00 ☐ Medication ☐ Equipment ☐ Glasses

Signature of Health Care Staff _____ Date of Service _____

**FULL NAME OF RESIDENT**  **MDOC NUMBER**  **DATE OF BIRTH**

_____ _____ _____

*SICK CALL SLIP*  DOC FORM  A – 18.3 – B – C – 2/15/13R
Distribution: White: Medical/Business Office  Yellow: Resident

# MAINE DEPARTMENT OF CORRECTIONS
## SICK CALL SLIP

I request health care services as follows: ☐ Medical ☑ Dental ☐ Eye ☐ Mental Health
☐ Other (specify): _____

_Jon R. Adams_     _13557_     _Dorm 5_

**Resident Name (PLEASE PRINT)**     **MDOC Number**     **Housing Unit**

Specifically list each and every problem or request (You will not be seen for any issue not listed):

I NEED DENTURES ... I AM losing Weight from Not being Able to Chew Solid foods And eat most of the food. My gums Are very Sore bleeding, And my JAW Hurts on the right Side. Please ? Can I get Dentures So I Can eat.

By my signature, I hereby indicate that I understand that, in accordance with 34-A M.R.S.A. Section 3031 and MDOC Policy 18.1, I may be charged $5.00 for each visit for medical (including eye) or dental services obtained at my request and $3.00 for each prescription medication, non-prescription medication, durable medical equipment and eye glasses. I understand that any charge for these services and/or items shall be withdrawn automatically from my general account. I will not receive a receipt for the withdrawal. I will receive a copy of the bottom section of this sick call slip on the date of service, for my records. I may review the balance of my general account, as provided by facility procedures.

_[signature]_     _4/25/81_     _July 30, 2026_

**Signature of Resident**     **Date of Birth**     **Date signed (month, day, year)**

**PLACE THIS SLIP IN THE MEDICAL BOX OR DESIGNATED AREA – DO NOT WRITE BELOW THIS LINE**

### TO BE COMPLETED BY HEALTH CARE STAFF

Received by: _____    Date/Time: _____

Reviewed by: _____    Date/Time: _____

Response of Health Care staff: _____

_____

_____

_____

Signature/Title: _____    Date/Time: _____

### TO BE COMPLETED BY HEALTH CARE STAFF FOR BUSINESS OFFICE USE

Amount of Co-Payment     **Total Amount of Co-Payment $ _____**

$5.00 ☐ Health Care Contact ☐ Dental

$3.00 ☐ Medication ☐ Equipment ☐ Glasses

Signature of Health Care Staff _____    Date of Service _____

**FULL NAME OF RESIDENT**     **MDOC NUMBER**     **DATE OF BIRTH**

_____     _____     _____

_SICK CALL SLIP_     DOC FORM     A – 18.3 – B – C – 2/15/13R
Distribution: White: Medical/Business Office   Yellow: Resident

MAINE DEPARTMENT OF CORRECTIONS
SICK CALL SLIP

**✷ URGENT ✷**

I request health care services as follows: ☐ Medical ☑ Dental ☐ Eye ☐ Mental Health

☐ Other (specify): _____

Jon R. Adams                    13557              Unit II Dorm 5
Resident Name (PLEASE PRINT)    MDOC Number          Housing Unit

Specifically list each and every problem or request (You will not be seen for any issue not listed):

**✷URGENT✷** I NEED TO BE SEEN BY THE DENTURIST PLEASE. IM IN SEVERE Constant NON-Stop Pain, — my gums are bleeding, my Lower JAW bone is very Sore and Painful And Im Losing A Lot of weight From Skipping most meals because I cannot eat or chew the food being Served here.

By my signature, I hereby indicate that I understand that, in accordance with 34-A M.R.S.A. Section 3031 and MDOC Policy 18.1, I may be charged $5.00 for each visit for medical (including eye) or dental services obtained at my request and $3.00 for each prescription medication, non-prescription medication, durable medical equipment and eye glasses. I understand that any charge for these services and/or items shall be withdrawn automatically from my general account. I will not receive a receipt for the withdrawal. I will receive a copy of the bottom section of this sick call slip on the date of service, for my records. I may review the balance of my general account, as provided by facility procedures.

_Jon R. Adams_              4/25/1981           AuGust 1, 2026
Signature of Resident        Date of Birth        Date signed (month, day, year)

PLACE THIS SLIP IN THE MEDICAL BOX OR DESIGNATED AREA – DO NOT WRITE BELOW THIS LINE

TO BE COMPLETED BY HEALTH CARE STAFF

Received by: _____    Date/Time: _____

Reviewed by: _____    Date/Time: _____

Response of Health Care staff: _____

_____

_____

_____

_____

Signature/Title: _____    Date/Time: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TO BE COMPLETED BY HEALTH CARE STAFF FOR BUSINESS OFFICE USE

Amount of Co-Payment                  Total Amount of Co-Payment $ _____

$5.00 ☐ Health Care Contact  ☐ Dental

$3.00 ☐ Medication  ☐ Equipment  ☐ Glasses

Signature of Health Care Staff _____    Date of Service_____

FULL NAME OF RESIDENT              MDOC NUMBER              DATE OF BIRTH

_____        _____        _____

SICK CALL SLIP                          DOC FORM                    A – 18.3 – B – C – 2/15/13R
Distribution: White: Medical/Business Office  Yellow: Resident

## MAINE DEPARTMENT OF CORRECTIONS
## SICK CALL SLIP

I request health care services as follows:  ☐ Medical  ☑ Dental  ☐ Eye  ☐ Mental Health

☐ Other (specify): _____

__Jon Adams__          __13557__          __Unit II Dorm 5__
Resident Name (PLEASE PRINT)          MDOC Number          Housing Unit

Specifically list each and every problem or request (You will not be seen for any issue not listed):

Can I PLEASE be Seen for dentures!! My gums are Painful and Sore, bleeding inflammation my jawbone is very very Sore and Painful, I Cannot eat Solid food, I'm losing Weight Rapidly, And for 2 months now this has been An ongoing Sufferring issue for me, I Need teeth, I don't have any teeth, I Cannot eat Solid foods which is most

By my signature, I hereby indicate that I understand that, in accordance with 34-A M.R.S.A. Section 3031 and MDOC Policy 18.1, I may be charged $5.00 for each visit for medical (including eye) or dental services obtained at my request and $3.00 for each prescription medication, non-prescription medication, durable medical equipment and eye glasses. I understand that any charge for these services and/or items shall be withdrawn automatically from my general account. I will not receive a receipt for the withdrawal. I will receive a copy of the bottom section of this sick call slip on the date of service, for my records. I may review the balance of my general account, as provided by facility procedures.

_____          __April 25, 1981__          __August 2, 2026__
Signature of Resident          Date of Birth          Date signed (month, day, year)

### PLACE THIS SLIP IN THE MEDICAL BOX OR DESIGNATED AREA – DO NOT WRITE BELOW THIS LINE
### TO BE COMPLETED BY HEALTH CARE STAFF

Received by: _____     Date/Time: _____

Reviewed by: _____     Date/Time: _____

Response of Health Care staff: _____

_____

_____

_____

_____

Signature/Title: _____     Date/Time: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### TO BE COMPLETED BY HEALTH CARE STAFF FOR BUSINESS OFFICE USE

Amount of Co-Payment          Total Amount of Co-Payment $ _____

$5.00 ☐ Health Care Contact  ☐ Dental

$3.00 ☐ Medication  ☐ Equipment  ☐ Glasses

Signature of Health Care Staff _____  Date of Service _____

FULL NAME OF RESIDENT          MDOC NUMBER          DATE OF BIRTH

_____     _____     _____

*SICK CALL SLIP*          DOC FORM          A – 18.3 – B – C – 2/15/13R
Distribution: White: Medical/Business Office  Yellow: Resident

## MAINE DEPARTMENT OF CORRECTIONS
### SICK CALL SLIP

I request health care services as follows: ☐ Medical ☐ Dental ☐ Eye ☑ Mental Health

☐ Other (specify): _____

Jon Adams                    13557              Unit II Dorms
**Resident Name (PLEASE PRINT)**        **MDOC Number**        **Housing Unit**

Specifically list each and every problem or request (You will not be seen for any issue not listed):

Could I please See Lauren from
Mental Health.

Thank You!

By my signature, I hereby indicate that I understand that, in accordance with 34-A M.R.S.A. Section 3031 and MDOC Policy 18.1, I may be charged $5.00 for each visit for medical (including eye) or dental services obtained at my request and $3.00 for each prescription medication, non-prescription medication, durable medical equipment and eye glasses. I understand that any charge for these services and/or items shall be withdrawn automatically from my general account. I will not receive a receipt for the withdrawal. I will receive a copy of the bottom section of this sick call slip on the date of service, for my records. I may review the balance of my general account, as provided by facility procedures.

_____    April 25, 1981    August 2, 2026
**Signature of Resident**        **Date of Birth**        **Date signed (month, day, year)**

### PLACE THIS SLIP IN THE MEDICAL BOX OR DESIGNATED AREA – DO NOT WRITE BELOW THIS LINE

#### TO BE COMPLETED BY HEALTH CARE STAFF

Received by: _____    Date/Time: _____

Reviewed by: _____    Date/Time: _____

Response of Health Care staff: _____

_____

_____

_____

_____

Signature/Title: _____    Date/Time: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

#### TO BE COMPLETED BY HEALTH CARE STAFF FOR BUSINESS OFFICE USE

Amount of Co-Payment                    Total Amount of Co-Payment $ _____

$5.00 ☐ Health Care Contact ☐ Dental

$3.00 ☐ Medication ☐ Equipment ☐ Glasses

Signature of Health Care Staff _____    Date of Service _____

**FULL NAME OF RESIDENT**        **MDOC NUMBER**        **DATE OF BIRTH**

_____    _____    _____

## MAINE DEPARTMENT OF CORRECTIONS
## SICK CALL SLIP

I request health care services as follows: ☐ Medical ☑ Dental ☐ Eye ☐ Mental Health
☐ Other (specify): _____

Jon Adams _____ 13557 _____ Unit II Dorm 5
Resident Name (PLEASE PRINT)         MDOC Number         Housing Unit

Specifically list each and every problem or request (You will not be seen for any issue not listed):

I NEED TO BE SEEN IMMEDIATELY !!! I NEED
DENTURES. FOR 2 MONTHS YOU GUYS have been
IGNORING All of MY Sick-Call Dental Slips. IM IN
AGONY, I CANt eat or chew food. MY JAW is in
A lott of excruciating pain, Im losing weight
Rapidly And MY Guns Are bleeding.

By my signature, I hereby indicate that I understand that, in accordance with 34-A M.R.S.A. Section 3031 and MDOC Policy 18.1, I may be charged $5.00 for each visit for medical (including eye) or dental services obtained at my request and $3.00 for each prescription medication, non-prescription medication, durable medical equipment and eye glasses. I understand that any charge for these services and/or items shall be withdrawn automatically from my general account. I will not receive a receipt for the withdrawal. I will receive a copy of the bottom section of this sick call slip on the date of service, for my records. I may review the balance of my general account, as provided by facility procedures.

_____     4-25-1981     8-4-26
Signature of Resident          Date of Birth    Date signed (month, day, year)

PLACE THIS SLIP IN THE MEDICAL BOX OR DESIGNATED AREA – DO NOT WRITE BELOW THIS LINE

TO BE COMPLETED BY HEALTH CARE STAFF

Received by: _____     Date/Time: _____

Reviewed by: _____     Date/Time: _____

Response of Health Care staff: _____
_____
_____
_____
_____

Signature/Title: _____     Date/Time: _____

TO BE COMPLETED BY HEALTH CARE STAFF FOR BUSINESS OFFICE USE

Amount of Co-Payment                    Total Amount of Co-Payment $ _____

$5.00 ☐ Health Care Contact ☐ Dental

$3.00 ☐ Medication ☐ Equipment ☐ Glasses

Signature of Health Care Staff _____ Date of Service _____

FULL NAME OF RESIDENT          MDOC NUMBER          DATE OF BIRTH

_____     _____     _____

SICK CALL SLIP                    DOC FORM                    A – 18.3 – B – C – 2/15/13R
Distribution: White: Medical/Business Office  Yellow: Resident

# MAINE DEPARTMENT OF CORRECTIONS
## SICK CALL SLIP

I request health care services as follows: ☐ Medical ☐ Dental ☐ Eye ☑ Mental Health

☐ Other (specify): _____

Resident Name (PLEASE PRINT) _Jon Adams_   MDOC Number _13557_   Housing Unit _Dorm 5_

Specifically list each and every problem or request (You will not be seen for any issue not listed):

CAN I PLEASE SPEAK TO SOMEONE FROM MENTAL
HEALTH. IM EXTREMELY DEPRESSED, regarding
medical IGNORING ALL OF MY SICK CALL requests
AND MY NEED FOR IMMEDIATE DENTURES. IM IN
AGONY every day. I AM Unable to eat because of
Having No teeth. MY Gums + JAW Hurt badly

By my signature, I hereby indicate that I understand that, in accordance with 34-A M.R.S.A. Section 3031 and MDOC Policy 18.1, I may be charged $5.00 for each visit for medical (including eye) or dental services obtained at my request and $3.00 for each prescription medication, non-prescription medication, durable medical equipment and eye glasses. I understand that any charge for these services and/or items shall be withdrawn automatically from my general account. I will not receive a receipt for the withdrawal. I will receive a copy of the bottom section of this sick call slip on the date of service, for my records. I may review the balance of my general account, as provided by facility procedures.

Signature of Resident _____   Date of Birth _April 25, 1981_   Date signed (month, day, year) _August-5-2026_

PLACE THIS SLIP IN THE MEDICAL BOX OR DESIGNATED AREA – DO NOT WRITE BELOW THIS LINE

## TO BE COMPLETED BY HEALTH CARE STAFF

Received by: _____   Date/Time: _____

Reviewed by: _____   Date/Time: _____

Response of Health Care staff: _____

_____

_____

_____

_____

Signature/Title: _____   Date/Time: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## TO BE COMPLETED BY HEALTH CARE STAFF FOR BUSINESS OFFICE USE

Amount of Co-Payment          Total Amount of Co-Payment $ _____

$5.00 ☐ Health Care Contact ☐ Dental

$3.00 ☐ Medication ☐ Equipment ☐ Glasses

Signature of Health Care Staff _____   Date of Service _____

| FULL NAME OF RESIDENT | MDOC NUMBER | DATE OF BIRTH |
|---|---|---|
| | | |

SICK CALL SLIP                    DOC FORM                    A – 18.3 – B – C – 2/15/13R
Distribution: White: Medical/Business Office  Yellow: Resident



**MAINE DEPARTMENT OF CORRECTIONS**

RECEIVED

JUL 10 2026

MCC GRIEVANCE OFFICE

**RESIDENT GRIEVANCE FORM**

TO BE COMPLETED BY GRIEVANCE REVIEW
OFFICER:
DATE RECEIVED _7-10-2026_
LOG NUMBER _26-MCC-____692_

_Jon Adams_                    _13557_         _Unit 2 - Dorm 5_
**Printed Name**               **MDOC Number**   **Housing Unit**

A grievance must be filed with the Grievance Review Officer within ten (10) days of the matter being grieved (except that there is a ninety (90) day time period for the filing of a grievance about an alleged ongoing lack of appropriate care for a chronic health problem). If you are filing after the expiration of the time limit because it was not possible for you to have filed a grievance within the required time period, explain what prevented timely filing, ageing only the space below.
Explanation: _____

**USE ONLY THE SPACE BELOW**
Concisely state the specific nature of your complaint, including all persons and dates involved. You may ask for a specific remedy. You must include information showing when the ten (10) day time period (or if applicable, the ninety (90) day time period) began. This grievance is being Submitted in regards to ongoing lack of appropriate Care And treatment. Since my Arrival here at MCC on 6-9-26 I have not been seen by A dentist. I've been Submitting Sick care Slips And I've still not been Seen Nor have Any Appointments been Scheduled for me Ito be Seen by A Dentist. I've been Stating in my reQuests And have Also mentioned during my intake that I have No teeth And I need dentures or implants because my gums Are And have been Swollen in PAin I cannot eat properly And I Am Constantly hungry due to the inability to eat certain And most foods that is being Served. I to date Still have not been seen by Anyone / Nobody has given me Any Appointments And my Sick Call Slips for my dental issues appear to constantly be going unanswered, ignored, etc. As A resolution I'm Asking to be Seen by A dentist for dentures.

_____          _7-8-26_
**Signature of Resident**        **Date**

☐ Grievance Resolved. Describe resolution, including implementation date: _____
_____
_____

_____          _____          _____
**Signature of Staff Resolving Grievance**   **Date**   **Signature of Resident Agreeing to Resolution**

☐ Grievance Not Resolved. Describe actions taken in attempt to resolve: _____
_____
_____

_____          _____
**Signature of Staff Attempting Resolution**   **Date**

_Resident Grievance Form_          DOC Form          AF - 29.1 and 29.2 – A – A
                                                      3/8/22R

**NOTIFICATION OF DISMISSAL**

TO: Jon Adams MDOC # 13557

| TO BE COMPLETED BY GRIEVANCE REVIEW OFFICER: |
| --- |
| DATE RECEIVED: 7/10/2026 |
| LOG NUMBER: 26-MCC-692 |

Your grievance or grievance appeal has been dismissed due to the following:

☐ It is overly difficult to read.

☐ It contains more than one sentence per pre-printed line or there is writing outside of the allotted space.

☐ You have submitted an attachment (other than photocopies of relevant documents).

☐ This matter is not grievable because:

    ☐ A separate appeal process exists.
    ☐ It does not directly affect you.
    ☐ Department staff is not responsible.
    ☐ You are attempting to grieve the conduct of staff as it relates to their handling of a grievance or grievance appeal.
    ☐ You are attempting to grieve the response to a grievance or grievance appeal.
    ☐ You are attempting to grieve or appeal the dismissal of a grievance or grievance appeal.

☐ It is a duplicate of an earlier grievance.

☐ You brought up more than one issue (which is only allowed if multiple issues occurred during a single incident or event).

☒ Your grievance or grievance appeal was filed after the time limit had expired and it was possible for you to have filed within the time limit.

☐ You failed to provide requested additional information timely.

☐ You did not make a good faith attempt to come to a reasonable informal resolution with staff designated to make the attempt at an informal resolution.

☐ The grievance is frivolous or there has otherwise been an obvious abuse of the grievance process in that (explain under additional comments):

**ADDITIONAL COMMENTS**

Your grievance is dismissed as it was not filed within the proper time frame. Reference Policy 29.2, Procedure B.4, & 6.

However, your concerns have been forwarded to the appropriate entity outside the grievance process.

**YOU MAY NOT APPEAL A DISMISSAL**

_____     7/15/2026
Signature of Grievance Review Officer     Date

_____     _____
Signature of Chief Administrative Officer, or designee (if applicable)     Date

The grievance or grievance appeal, as applicable, along with this Notification of Dismissal provided to resident:

_____     7-17-26
Signature of Resident     Date

_____     Jason Johnson U.M     7/17/26
Signature of Staff     Printed Name & Title     Date

_Notification of Dismissal_     _DOC Form_     _AF – 29.1 & 29.2 – C – C_
_2/17/26R_

RECEIVED

JUL 27 2026

MCC GRIEVANCE OFFICE

**MAINE DEPARTMENT OF CORRECTIONS**

RESIDENT GRIEVANCE FORM

TO BE COMPLETED BY GRIEVANCE REVIEW
OFFICER:
DATE RECEIVED 07/27/26
LOG NUMBER 2026-MCC-762

Jon Adams _____ 13557 _____ Unit F Dorm 5

Printed Name _____ MDOC Number _____ Housing Unit

A grievance must be filed with the Grievance Review Officer within ten (10) days of the matter being grieved (except that there is a ninety (90) day time period for the filing of a grievance about an alleged ongoing lack of appropriate care for a chronic health problem). If you are filing after the expiration of the time limit because it was not possible for you to have filed a grievance within the required time period, explain what prevented timely filing, using only the space below.

Explanation: _____

**USE ONLY THE SPACE BELOW**

Concisely state the specific nature of your complaint, including all persons and dates involved. You may ask for a specific remedy. You must include information showing when the ten (10) day time period (or if applicable, the ninety (90) day time period) began.

Since my Arrival here At MCC on June 9 2026, I've been sending in medical sick-call request slips Asking for dentures. I have Zero teeth And its going on 2 months now since I've been Asking for dentures. I Cannot eat Solid foods, I Cannot chew solid foods, my gums are exposed And swollen, they bleed A lot, And I'm losing weight rapidly As A result of Not being Able to eat Solid foods. Since June 9th 2026, I've been Requesting dentures And All my sick Call slips just keep being Ignored. At this point my Rights Are being violated By Wellpath And numerous Wellpath officials.

Signature of Resident _____ Date 7-27-26

Printed Name of Staff Attempting Informal Resolution _____

☐ Grievance Resolved. Describe resolution, including implementation date: _____

Signature of Staff _____ Date _____ Signature of Resident Agreeing to Resolution _____

☐ Grievance Not Resolved. Describe actions taken in attempt to resolve: _____

Signature of Staff _____ Date _____

Resident Grievance Form

DOC Form

AF – 29.1 & 29.2 – A – A
3/9/26R

COPY

## NOTIFICATION OF DISMISSAL

TO: John Adams MDOC # 13557

| TO BE COMPLETED BY GRIEVANCE REVIEW OFFICER: |
| --- |
| DATE RECEIVED: 7/27/2026 |
| LOG NUMBER: 26-MCC-762 |

Your grievance or grievance appeal has been dismissed due to the following:

☐ It is overly difficult to read.

☐ It contains more than one sentence per pre-printed line or there is writing outside of the allotted space.

☐ You have submitted an attachment (other than photocopies of relevant documents).

☐ This matter is not grievable because:

☐ A separate appeal process exists.
☐ It does not directly affect you.
☐ Department staff is not responsible.
☐ You are attempting to grieve the conduct of staff as it relates to their handling of a grievance or grievance appeal.
☐ You are attempting to grieve the response to a grievance or grievance appeal.
☐ You are attempting to grieve or appeal the dismissal of a grievance or grievance appeal.

☒ It is a duplicate of an earlier grievance.

☐ You brought up more than one issue (which is only allowed if multiple issues occurred during a single incident or event).

☒ Your grievance or grievance appeal was filed after the time limit had expired and it was possible for you to have filed within the time limit.

☐ You failed to provide requested additional information timely.

☐ You did not make a good faith attempt to come to a reasonable informal resolution with staff designated to make the attempt at an informal resolution.

☐ The grievance is frivolous or there has otherwise been an obvious abuse of the grievance process in that (explain under additional comments):

### ADDITIONAL COMMENTS

Your grievance is dismissed as it is a duplicate of a previous grievance. Reference Policy 29.1 Procedure B.30.

## YOU MAY NOT APPEAL A DISMISSAL

_____    7/27/2026
Signature of Grievance Review Officer         Date

_____    _____
Signature of Chief Administrative Officer, or designee (if applicable)    Date

The grievance or grievance appeal, as applicable, along with this Notification of Dismissal provided to resident:

_____    7-27-26
Signature of Resident         Date

_____    Courtney Parker (Cpt)   7/27/26
Signature of Staff         Printed Name & Title         Date

Notification of Dismissal         DOC Form         AF – 29.1 & 29.2 – C – C
                                                    2/17/26R



# SETTLEMENT DEMAND LETTER TO WELLPATH

## (FOR SETTLEMENT PURPOSES ONLY)

## SUBJECT TO <u>FED. R. EVID. 408</u> / <u>ME. R. EVID. 408</u>

**Date:** July 15, 2026

**FROM:**

Jon R. Adams, MDOC No. 13557

Maine Correctional Center (MCC)

17 Mallison Falls Road

Windham, ME 04062

**TO:**

Wellpath LLC

Attn: Legal Department / Risk Management

6560 Carothers Parkway, Suite 500

Franklin, Tennessee 37067

---

**RE:** *<u>NOTICE OF INTENT TO SUE & FORMAL SETTLEMENT DEMAND</u>.*

- **Plaintiff:** Jon R. Adams (MDOC No. 13557)
- **Facility:** Maine Correctional Center (MCC)
- **Anticipated Venue:** Cumberland County Unified Court (Civil Division — Portland, Maine)
- **Claims:** Eighth Amendment Deliberate Indifference (42 U.S.C. § 1983), Maine Civil Rights Act (5 M.R.S. § 4682), and Common Law ~~Gross Negligence/Medical Malpractice~~
- **SETTLEMENT DEMAND:** $5,000.00 USD & Immediate Dental Evaluation/Dentures

---

\* Compl. Never Submitted to State Court. Decided to file in Fed. Court instead.

1

Dear Legal Counsel and Risk Management Division of Wellpath LLC:

Please accept this correspondence as a formal, good-faith attempt to settle serious civil rights and medical negligence claims before litigation is officially commenced. Enclosed with this letter is a fully finalized, drafted, and verified Civil Complaint (titled *COMPLAINT-WELLPATH LLC. / DENTAL*) which I am prepared to file in the Cumberland County Unified Court on July 27, 2026, if we cannot reach an amicable resolution.

To prevent the expenditure of corporate resources, public exposure, and escalating litigation costs, I am offering to settle all outstanding legal claims against Wellpath LLC and its employees for the sum of $5,000.00, subject to the terms outlined below.

---

# I. <u>SUMMARY OF FAULTS AND CONSTITUTED INJURY</u>

The draft complaint details a severe, systemic, and ongoing failure by Wellpath LLC to provide basic, constitutionally mandated dental care. The core facts are as follows:

- **<u>Edentulous Intake</u>:** On June 9, 2026, I was processed into the custody of the Maine Department of Corrections (MDOC) and placed at the Maine Correctional Center (MCC). Upon intake, and at all times since, I have had zero teeth.
- **<u>Physical Suffering & Nutritional Deprivation</u>:** Without a single tooth, denture, or functional prosthetic, I am entirely unable to chew solid food. Attempting to eat regular prison rations on bare gums causes immediate physical trauma, severe localized pain, and constant bleeding, swelling, and inflammation. Consequently, I am systematically malnourished, routinely skipping meals, and suffering from nutritional deprivation.
- **<u>Complete Disregard of Medical Requests</u>:** Since June 9, 2026, and on these specific dates: 06/06/26, 06/10/26, 06/15/26, 06/18/26, 07/06/26, 07/08/26, 07/13/26, I have repeatedly submitted written dental requests and medical "sick-call slips" detailing my lack of teeth, my chronic oral pain, constant bleeding, and my inability to eat.
- **<u>Stonewalling by Wellpath Staff</u>:** To date, Wellpath LLC's clinical and administrative staff—including Health Service Administrator Stephanie Flash, Dr. Jeffrey Jordan, DDS, Dr. Drohan, DDS, the Denturist "Sherry", and Jane Does 1-5—have systematically ignored, discarded, and refused to respond to my requests. I have not received a single dental intake evaluation, diagnostic, or consultation with the Denturist to fit me for functional dentures or implants.

Going without teeth while being entirely ignored by a contracted, taxpayer-funded medical provider is a profound and degrading hardship that directly impacts human nutrition, basic physical health, and personal dignity.

---

2

## II. LEGAL ANALYSIS & LIABILITY EXPOSURE

Should this case proceed to federal or state court, Wellpath LLC's liability under federal constitutional law, state statutory law, and common-law tort is clear and heavily supported by established jurisprudence.

### A. Eighth Amendment & 42 U.S.C. § 1983 (Deliberate Indifference)

Under the landmark ruling in *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), the U.S. Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment."

To establish liability, a plaintiff must satisfy two prongs under *Farmer v. Brennan*, 511 U.S. 825, 837 (1994):

1. **The Objective Prong (A Serious Medical Need):** Having zero teeth and being unable to eat solid food—resulting in gum trauma, pain, and nutritional risk—is universally recognized by courts as an objectively serious medical and dental need.
2. **The Subjective Prong (Conscious Disregard):** Wellpath's staff had actual, written knowledge of my condition via multiple sick-call slips. Choosing to take zero action, leaving me in pain for well-over a month, constitutes subjective deliberate indifference.

### B. Highly Relevant First Circuit and Federal Precedents

- *Watson v. Caton*, 984 F.2d 537, 540 (1st Cir. 1993): The First Circuit established that "deliberate refusal" or a significant delay in treating a known, painful condition on non-medical grounds constitutes an actionable constitutional violation.
- *Leavitt v. Correctional Medical Services*, 645 F.3d 484 (1st Cir. 2011): The Court affirmed that medical providers who possess actual knowledge of serious health complaints cannot choose to ignore or delay necessary treatment without violating the Constitution.
- *Tvelia v. New Hampshire Department of Corrections*, No. CV-03-537-M (D.N.H. 2004): This ruling squarely applies to this case, confirming that "inadequate dental care can support a valid § 1983 action... The Eighth Amendment requires that prisoners be provided with a system of ready access to adequate dental care." The court held that ignoring dental requests while an inmate suffers gum/tooth pain constitutes deliberate indifference.

### C. Maine Civil Rights Act (5 M.R.S. § 4682)

The Maine Civil Rights Act (MCRA) provides a parallel state remedy for constitutional violations. As determined in *Nilsson-Borrill v. Burnheimer*, 505 F. Supp. 2d 180, 183 (D. Me. 2007) and *Bean v. Barnhart*, No. 1:13-cv-00196 (D. Me. 2015), the protections of the MCRA run parallel to federal § 1983

3

civil rights claims. Consequently, Wellpath's deliberate indifference simultaneously triggers independent liability under Maine state law.

### D. Common Law Medical Malpractice & Gross Negligence

Under Maine common law, Wellpath LLC and its medical staff owed me a duty of care. Failing to provide a (timely) basic dental triage, ignoring visible oral trauma, and completely withholding necessary dental prosthetics (dentures) to an edentulous patient falls vastly below standard community healthcare expectations. This total abdication of clinical responsibility represents gross negligence and professional malpractice.

---

## III. DAMAGE VALUATION

If forced to litigate, I will aggressively pursue a jury trial. Wellpath faces substantial exposure to:

1. **Compensatory Damages:** For ongoing physical pain, gum swelling, nutritional deprivation, weight loss, extreme emotional distress, and extreme mental anguish.
2. **Punitive Damages:** Against Wellpath LLC and the individual defendants for reckless, wanton, and intentional disregard of my clearly established rights.
3. **Injunctive Relief & Legal Costs:** A court-mandated injunction forcing Wellpath to purchase my dentures immediately, on top of any legal fees, filing fees, and administrative court costs.

---

## IV. ACTIVE MEDIA SUBMISSION & PUBLIC OVERSIGHT

Wellpath LLC should be fully aware that this dispute is already transitioning into a matter of intense public scrutiny. On July 15, 2026, I formally submitted an Investigative Press Submission to **WMTW News Channel 8** (Attn: Investigative Journalism Desk / Newsroom Management, Portland/Westbrook, Maine) titled:

> *"Systemic Constitutional Violations, Deliberate Indifference, and Severe Medical Neglect by Wellpath LLC at the Maine Correctional Center (MCC)"*

In that public interest submission, I requested that WMTW Channel 8's investigative journalism team review this matter, inspect my active public civil filings at the Cumberland County Unified Court (Civil Division — Portland), and schedule a formal, on-camera or recorded media interview regarding my physical deterioration, agony, and Wellpath's profit-driven medical stonewalling. Wellpath LLC cannot easily mitigate the public and reputational fallout once investigative broadcasting exposes these systemic failures to Maine taxpayers. Across the United States, Wellpath has been the subject of numerous federal

4

investigations, civil rights lawsuits, and media exposes regarding a corporate business model that allegedly maximizes profit margins by:

- Intentionally understaffing medical and dental clinics within correctional facilities.
- Delaying or outright denying specialized care, prosthetics, and external consultations to minimize operational overhead.
- Utilizing administrative "gatekeeping" and deliberately convoluted sick-call procedures to stretch out timelines, hoping incarcerated individuals will be transferred or released before the company has to pay for expensive treatments like custom dentures.

## V. FORMAL SETTLEMENT DEMAND

In the interest of resolving this dispute without resorting to protracted, highly publicized, and costly litigation, I hereby submit the following demand to settle all claims against Wellpath LLC, Stephanie Flash, Dr. Jordan, Dr. Drohan, Denturist "Sherry", and Jane Does 1-5:

1. **Monetary Compensation:** A one-time lump sum payment of $5,000.00 USD paid directly to me (or my designated trust account).
2. **Immediate Medical Correction:** Wellpath must immediately schedule me for an emergency dental evaluation, and initiate the swift fabrication and fitting of medically necessary dentures.

### THE DEADLINE ("OR ELSE" CLAUSE)

This settlement offer is a good-faith attempt to resolve this matter. This offer will remain open until **5:00 PM EST on July 24, 2026.**

If I do not receive written confirmation of acceptance, or a good-faith counteroffer in writing, by the specified deadline, this offer is permanently withdrawn. I will immediately proceed to file the enclosed verified Complaint with the Cumberland County Unified Court on July 27, 2026, demanding a trial by jury, full compensatory damages, substantial punitive damages, and permanent injunctive relief. Furthermore, I will coordinate full transparency with the media, including moving forward with the requested interview and public broadcast with WMTW News Channel 8.

Please contact me at the address above to coordinate the delivery of the settlement agreement. I look forward to your prompt response.

Sincerely,

*/s/ Jon Robert Adams*

**Jon R. Adams, MDOC No. 13557,** Plaintiff, *Pro Se*

5

**Enclosures:**

1.  Draft Civil Complaint (*COMPLAINT-WELLPATH LLC. / DENTAL*)
2.  Press Submission to WMTW News Channel 8 (Dated July 15, 2026)

6

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

(PORTLAND DIVISION)

JON R. ADAMS (MDOC No. 13557),                    CIVIL ACTION NO.: _____

Maine Department of Corrections / Maine Correctional Center,

*Plaintiff,*

v.

WELLPATH LLC; et. al,

*Defendants.*

## PLAINTIFF'S EMERGENCY MOTION FOR EX PARTE TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION PURSUANT TO FED. R. CIV. P. 65

NOW COMES the Plaintiff, JON R. ADAMS (MDOC No. 13557), proceeding *pro se* and *in forma pauperis*, and hereby moves this Honorable Court pursuant to Rule 65 of the Federal Rules of Civil Procedure, 42 U.S.C. § 1983, and Local Rule 65 for an **Emergency Ex Parte Temporary Restraining Order (TRO) and Preliminary Injunction.**

Plaintiff seeks an immediate mandatory Order compelling Defendants, their agents, employees, and all persons acting in concert with them to immediately:

1.  Issue and enforce a medically necessary soft-diet accommodation and nutritional supplement plan for Plaintiff within **twenty-four (24) hours** of this Order;

2. Schedule Plaintiff for an emergency dental evaluation and preliminary impression-taking within **seven (7) days** of this Order; and

3. Fabricate and deliver fully functional, customized dental prosthetics (dentures or implants) within **twenty-one (21) days** of this Order.

In support of this Emergency Motion, Plaintiff submits that he is completely edentulous (having zero teeth), is experiencing severe ongoing gum lacerations, active hemorrhaging, rapid forced weight loss, and excruciating daily pain due to Defendants' deliberate refusal to provide a soft diet or dental triage since June 9, 2026. As fully detailed in the accompanying Memorandum of Law and Plaintiff's Verified Complaint, Plaintiff satisfies all four prerequisites for emergency injunctive relief under First Circuit law.

### EX PARTE CERTIFICATION PURSUANT TO FED. R. CIV. P. 65(b)(1)(B) :

Plaintiff certifies under penalty of perjury that immediate, irreversible, and severe physical injury, malnutrition, and daily bodily trauma will occur before Defendants can be heard in opposition. Standard motion briefing schedules would force Plaintiff to endure weeks of unmanaged physical agony and progressive systemic medical deterioration—a harm that cannot be remedied or compensated by monetary damages after the fact. Furthermore, Defendants were provided formal written pre-litigation notice on July 15, 2026, yet deliberately ignored Plaintiff's acute distress.

WHEREFORE, Plaintiff respectfully requests that this Court GRANT this Emergency Motion instanter.

Respectfully submitted,

Dated: August 5, 2026

**JON R. ADAMS, Plaintiff Pro Se**

MDOC No. 13557

Maine Correctional Center / Email: jon.adams@mdoc.education

1

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION FOR EX PARTE TRO AND PRELIMINARY INJUNCTION

### I.    INTRODUCTION & STATEMENT OF EMERGENCY FACTS

Plaintiff Jon R. Adams is a state prisoner in the custody of the Maine Department of Corrections (MDOC) housed at the Maine Correctional Center (MCC) in Windham, Maine. Plaintiff is completely edentulous—he possesses zero natural or artificial teeth.

Upon intake on June 9, 2026, Plaintiff alerted facility health staff (Defendant Jane Doe 1) of his complete edentulism and requested two immediate, medically necessary interventions: (1) a modified soft-diet accommodation to prevent severe gum trauma, and (2) an urgent dental referral for prosthetic impressions and fitting.

For over seven consecutive weeks (from June 9, 2026, through the present), Defendants Wellpath LLC, Stephanie Flash, Dr. Jeffrey Jordan, Dr. Drohan, Dr. "Sherry", and Jane Does 1–5 have systematically ignored, delayed, suppressed, and denied Plaintiff's medical requests and grievances. Plaintiff is forced to either attempt grinding hard, standard prison meals between bare gums—causing active hemorrhaging, deep ulcerations, and unbearable facial pain—or abstain from eating, resulting in severe malnutrition and drastic weight loss.

### COMPLIANCE WITH PLRA & EXHAUSTION OF ADMINISTRATIVE REMEDIES

Plaintiff has fully exhausted his administrative remedies under the PLRA (42 U.S.C. § 1997e(a)) and put Wellpath's corporate legal department on direct written notice on July 15, 2026. Defendants have demonstrated outright deliberate indifference. Without emergency judicial intervention, Plaintiff faces immediate and irreparable bodily destruction. Pursuant to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), an inmate must exhaust available administrative remedies before bringing an action. However, under controlling Supreme Court precedent, **a prisoner is not required to exhaust**

2

administrative remedies that are functionally unavailable. *See Ross v. Blake*, 578 U.S. 632, 642–44 (2016).

An administrative remedy is unavailable when:

1. It operates as a simple dead end;

2. It is so opaque that no ordinary prisoner can navigate it; or

3. Facility administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or administrative bar. *Ross*, 578 U.S. at 643–44.

Here, MDOC policy explicitly dictates that grievances dismissed on technical grounds or subject to summary rejection cannot be appealed further, creating an administrative dead end under *Ross*. Furthermore, where an emergency injunction is required to prevent imminent physical destruction, the court maintains inherent equitable power under § 1997e to preserve the status quo. *See Jackson v. District of Columbia*, 254 F.3d 262, 268 (D.C. Cir. 2001).

## COMPLIANCE WITH FED. R. CIV. P. 65(b)(1) FOR EX PARTE RELIEF

1. **Rule 65(b)(1)(A):** As demonstrated in the Verified Complaint and this Motion, immediate and irreparable injury, loss, and damage (active oral bleeding, starvation, severe pain) will result to Plaintiff before Defendants can fully respond.

2. **Rule 65(b)(1)(B):** Plaintiff certifies that notice should be expedited or granted *ex parte* because every single 24-hour delay subjects Plaintiff to additional severe physical injury. Concurrent with this filing, a copy of this Motion and Complaint is being served upon Defendant Wellpath LLC's registered agent and the MCC Health Services Administrator to ensure rapid notice.

3

## II.    LEGAL STANDARD FOR PRELIMINARY INJUNCTIVE RELIEF

In the First Circuit, the court applies the familiar four-factor test when deciding whether to grant a Temporary Restraining Order or Preliminary Injunction under Rule 65:

1. The likelihood that the moving party will succeed on the merits;

2. The potential for irreparable harm to the moving party if the injunction is denied;

3. The balance of relevant equities (the hardship to the nonmovant if the injunction issues versus hardship to the movant if denied); and

4. The effect on the public interest.

*See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Nken v. Holder*, 556 U.S. 418, 435 (2009); *Corporación Insular de Seguros v. García*, 893 F.2d 418, 421 (1st Cir. 1990); *Baisley v. M-I L.L.C.*, 62 F.4th 22, 25 (1st Cir. 2023).

While all four factors are critical, likelihood of success on the merits is the "main bearing wall" of the preliminary injunction framework in the First Circuit. *Corporate Techs., Inc. v. Harnett*, 731 F.3d 6, 9 (1st Cir. 2013). As demonstrated below, Plaintiff overwhelmingly satisfies every element.

---

## III.    ARGUMENT

### A. Plaintiff Establishes an Overwhelming Likelihood of Success on the Merits

To establish an Eighth Amendment claim under 42 U.S.C. § 1983 for denial of medical/dental care, a prisoner must demonstrate: (1) an **objectively serious medical need**, and (2) that prison officials acted with **subjective deliberate indifference** to that need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Leavitt v. Corr. Med. Servs., Inc.*, 645 F.3d 484, 497 (1st Cir. 2011).

4

**1. An Edentulous Condition Causing Bleeding and Inability to Eat Is an Objectively Serious Medical Need**

An objectively serious medical need is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Gaudreault v. Municipality of Salem*, 923 F.2d 203, 208 (1st Cir. 1990); *Kosilek v. Spencer*, 774 F.3d 63, 82 (1st Cir. 2014).

Federal courts nationwide—including controlling Supreme Court and Circuit authority—have explicitly held that complete edentulism accompanied by an inability to chew food, pain, gum bleeding, or weight loss constitutes an **objectively serious medical need** under the Eighth Amendment:

- **Eleventh Circuit:** *Farrow v. West*, 320 F.3d 1235, 1243–44 (11th Cir. 2003) (holding that an edentulous prisoner with bleeding gums, pain, and weight loss who was denied dentures for 15 months suffered a severe Eighth Amendment violation).

- **Ninth Circuit:** *Hunt v. Dental Dept.*, 865 F.2d 198, 200 (9th Cir. 1989) (holding that severe dental pain and inability to chew solid food resulting from lost dentures constitutes a serious medical need requiring prompt intervention).

- **Second Circuit:** *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (dental conditions causing extreme pain, deterioration of teeth, or inability to eat satisfy the objective prong).

Here, Plaintiff has zero teeth. He cannot chew standard facility food without lacerating his gums, causing active hemorrhaging, facial inflammation, and rapid weight loss. This satisfies the objective prong as a matter of established federal law.

**2. Defendants Acted with Subjective Deliberate Indifference**

Deliberate indifference requires showing that officials knew of and disregarded an excessive risk to inmate health or safety. *Farmer*, 511 U.S. at 837. In the First Circuit, deliberate indifference exists where treatment is delayed or denied for non-medical reasons, such as cost containment, administrative laziness,

5

or arbitrary corporate policies. *Leavitt*, 645 F.3d at 497; *Feeney v. Corr. Med. Servs., Inc.*, 464 F.3d 158, 162 (1st Cir. 2006); *Miranda v. Munoz*, 770 F.2d 255, 259 (1st Cir. 1985).

Defendants Flash, Jordan, Drohan, "Sherry", and Jane Does 1–5 had actual, written notice of Plaintiff's edentulous pain through sick-call slips, administrative grievances, and direct legal notice. Yet, for nearly two months, Defendants failed to provide even a temporary soft-diet slip or schedule a single triage appointment. This deliberate refusal to provide basic care or soft diets for non-medical reasons constitutes criminal recklessness and actionable deliberate indifference. *See Farrow*, 320 F.3d at 1246.

### 3. Monell Liability Against Corporate Defendant Wellpath LLC

Under 42 U.S.C. § 1983, a private corporate contractor performing traditional state functions (like prison healthcare) is liable under *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978) when its corporate policy, custom, or practice is the "moving force" behind a constitutional violation. *West v. Atkins*, 487 U.S. 42, 54 (1988); *Rodriguez-Garcia v. Miranda-Marin*, 610 F.3d 756, 769 (1st Cir. 2010).

Wellpath operates under fixed capitation contracts. Wellpath maintains a widespread custom and financial practice of systematically delaying and denying specialized dental care and modified diets to cut operating costs and maximize corporate profits. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996). Wellpath's regional management was served with formal legal notice on July 15, 2026, and deliberately failed to remediate the violation, ratifying this unconstitutional policy.

---

### B. Plaintiff Will Suffer Immediate and Irreparable Harm Absent Injunctive Relief

Irreparable harm is the "single most important prerequisite for the issuance of a preliminary injunction." *Puerto Rico Conservation Found. v. Larson*, 797 F. Supp. 1066, 1071 (D.P.R. 1992). The First Circuit holds that ongoing constitutional violations and active physical pain/bodily destruction constitute

6

immediate, irreparable harm that cannot be compensated by monetary damages. *See Vaquería Tres Monjitas, Inc. v. Irizarry*, 587 F.3d 464, 485 (1st Cir. 2009) ("It is well settled that an ongoing violation of a constitutional right constitutes irreparable harm.").

Every day Plaintiff is denied a soft diet and dentures:

- He suffers severe, unmanaged facial pain and physical gum lacerations;
- He undergoes active oral hemorrhaging upon trying to chew; and
- He experiences progressive malnutrition and rapid weight loss.

Once physical tissue, nutritional health, and bodily integrity are degraded through forced starvation and pain, money damages cannot repair the injury. Immediate injunctive relief is the only remedy.

## C. The Balance of Equities Strongly Favors the Plaintiff

The court must balance the hardship to the plaintiff if relief is denied against the hardship to the defendants if relief is granted. *Winter*, 555 U.S. at 24.

- **Plaintiff's Burden:** Daily physical agony, severe malnutrition, open oral wounds, and ongoing constitutional deprivations, irreparable jaw bone deterioration.
- **Defendants' Burden:** Simply providing a soft-diet meal tray (which facility kitchens produce daily) and scheduling a standard dental examination.

The burden on Defendants is trivial and purely administrative, whereas the burden on Plaintiff is catastrophic physical destruction. The balance of equities tips overwhelmingly in Plaintiff's favor.

## D. Granting Preliminary Injunctive Relief Serves the Public Interest

7

It is always in the public interest for prison officials and private corporate contractors to comply with the United States Constitution and federal statutory mandates. *See G&V Lounge, Inc. v. Mich. Liquor Control Comm'n*, 23 F.3d 1071, 1079 (6th Cir. 1994) ("It is always in the public interest to prevent the violation of a party's constitutional rights."); *Maine Human Rights Comm'n v. City of South Portland*, 508 A.2d 948, 953 (Me. 1986).

The public has a vital interest in ensuring that taxpayer-funded correctional contractors do not profit by withholding basic human necessities, food accommodations, and essential medical care from incarcerated citizens.

---

## IV.    CONCLUSION & PRAYER FOR RELIEF

WHEREFORE, Plaintiff JON R. ADAMS respectfully requests that this Honorable Court:

1.  **GRANT** Plaintiff's Motion for Emergency Ex Parte Temporary Restraining Order and Preliminary Injunction;

2.  **ORDER** Defendants to immediately provide Plaintiff with a soft-diet accommodation and nutritional supplement plan within **twenty-four (24) hours**;

3.  **ORDER** Defendants to schedule Plaintiff for dental triage and preliminary impression-taking within **seven (7) days**;

4.  **ORDER** Defendants to deliver fully fitted, functional dental prosthetics within **twenty-one (21) days**; and

5.  **SCHEDULE** an immediate preliminary injunction hearing pursuant to Fed. R. Civ. P. 65(b)(3) at the earliest possible date;

6.  **NON-RETALIATION** : Enjoin Defendants and MDOC personnel from taking any retaliatory administrative, housing, or disciplinary actions against Plaintiff for exercising his legal rights.

8

7. **WAIVE** the security bond requirement under Fed. R. Civ. P. 65(c) due to Plaintiff's indigent *in forma pauperis* status; and

8. **GRANT** such other and further relief as this Court deems necessary and just.

Respectfully submitted,

Dated: August 5, 2026

**JON R. ADAMS, Plaintiff *Pro Se***

MDOC No. 13557

Maine Correctional Center

17 Mallison Falls Rd., Windham, ME 04062

## VERIFICATION / DECLARATION UNDER PENALTY OF PERJURY

I, Jon R. Adams, Plaintiff in the above-captioned matter, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I have read the foregoing Motion and Memorandum of Law, that I know the contents thereof, and that all factual statements made therein are true and correct to the best of my knowledge, information, and belief.

Executed on this 5th day of August, 2026 at Windham, Maine

**JON R. ADAMS, Plaintiff *Pro Se***

MDOC No. 13557

Maine Correctional Center

17 Mallison Falls Road

Windham, Maine 04062

Email : jon.adams@mdoc.education

9

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

JON R. ADAMS,

(MDOC No. 13557),

          Plaintiff,                   CIVIL ACTION NO. _____

v.


WELLPATH LLC,

STEPHANIE FLASH; HSA,

DR. JEFFREY JORDAN; DDS,

DR. DROHAN; DDS,

DR. "SHERRY"; DENTURIST

and JANE DOES 1–5,

          Defendants.

_____

**[PROPOSED] TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Upon consideration of Plaintiff Jon R. Adams' Emergency Motion for a Temporary Restraining Order and Preliminary Injunction Pursuant to Fed. R. Civ. P. 65, the Verified Complaint, and supporting exhibits, the Court finds that:

1. Plaintiff has demonstrated a strong likelihood of success on the merits of his Eighth Amendment deliberate indifference claim;

2. Plaintiff will suffer immediate and irreparable physical injury, including active oral bleeding, severe pain, physical deterioration, and permanent jawbone loss, in the absence of emergency injunctive relief;

3. The balance of equities tips overwhelmingly in Plaintiff's favor; and

4. Granting temporary injunctive relief serves the public interest.

1

IT IS HEREBY ORDERED that Plaintiff's Emergency Motion for a Temporary Restraining Order is **GRANTED**.

IT IS FURTHER ORDERED that Defendants Wellpath LLC, Stephanie Flash, Dr. Jeffrey Jordan, Dr. Drohan, Dr. "Sherry", and their officers, agents, servants, employees, and attorneys are **IMMEDIATELY COMMANDED** to:

1. Place Plaintiff on an appropriate soft-food dietary accommodation and nutritional supplement plan pending full clinical evaluation, effective immediately upon receipt of this Order;

2. Schedule and conduct an urgent, comprehensive dental evaluation and preliminary impression taking for Plaintiff within seven (7) days of the date of this Order; and

3. Expedite the fabrication, delivery, and fitting of fully functional dental prosthetics to Plaintiff as rapidly as medically and technically feasible, not to exceed twenty-one (21) days from the date of this Order.

IT IS FURTHER ORDERED that Defendants shall file a Notice of Compliance with the Court within ten (10) days of the date of this Order, documenting the steps taken to schedule the evaluation and implement the dietary accommodations.

IT IS FURTHER ORDERED that Defendants shall show cause on _____, 2026, at _____ ____.m., why a Preliminary Injunction should not issue.

IT IS FURTHER ORDERED that pursuant to Fed. R. Civ. P. 65(c), no security bond shall be required of Plaintiff given his indigent status.

IT IS FURTHER ORDERED that the United States Marshals Service shall serve a copy of this Order upon Defendants Wellpath LLC and individual Defendants forthwith by expedited service or electronic mail.

SO ORDERED.

Dated: _____, 2026    _____

UNITED STATES DISTRICT JUDGE

3