UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JON R. ADAMS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:26-cv-00399-JAW |
| | ) | |
| WELLPATH, LLC, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION ON
MOTION FOR TEMPORARY RESTRAINING ORDER**

Plaintiff, an inmate at the Maine Correctional Center, asks the Court for immediate ex parte injunctive relief in connection with his complaint in which he alleges that Defendants have failed to provide adequate dental care and an appropriate diet given his dental condition. (Motion for Temporary Restraining Order, ECF No. 5.)  Following a review of the record and after consideration of Plaintiff's argument, I recommend the Court deny Plaintiff's motion.

**DISCUSSION**

To obtain emergency injunctive relief, Plaintiff must show "(1) a substantial likelihood of success on the merits, (2) a significant risk of irreparable harm if the injunction is withheld, (3) a favorable balance of hardships,[1] and (4) a fit (or lack of friction) between the injunction and the public interest."[2] *Nieves–Marquez v. Puerto Rico,*

---

[1] Plaintiff must demonstrate that his claimed injury outweighs any harm that granting the injunctive relief would inflict upon Defendants. *Lancor v. Lebanon Hous. Auth.*, 760 F. 2d 361, 362 (1st Cir. 1985).

[2] Plaintiff must prove that "the public interest will not be adversely affected by the granting of the injunction." *Planned Parenthood League v. Bellotti*, 641 F.2d 1006, 1009 (1st Cir. 1981).

353 F.3d 108, 120 (1st Cir. 2003); *Hoffman v. Sec'y of State of Me.*, 574 F. Supp. 2d 179, 186 (D. Me. 2008). "The sine qua non of this four-part inquiry is likelihood of success on the merits; if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." *New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002).

Plaintiff seeks ex parte relief, which is relief without notice to the opposing parties. Federal Rule of Civil Procedure 65, which governs Plaintiff's request for immediate injunctive relief, provides in pertinent part:

> (1) The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition.

Fed. R. Civ. P. 65(b)(1)(A). "The requirements of Rule 65(b)(1) are not mere technicalities but establish minimum due process." *Pelletier v. Department of Corrections*, No. 1:22-cv-00260-JDL, 2022 WL 3700671, at *1 (D.Me. Aug. 26, 2022) (citations and internal quotation marks omitted).

Here, Plaintiff has offered no facts, by affidavit or otherwise, that would support a finding that he would suffer immediate and irreparable harm before the opposing parties could be heard in opposition to the motion. Plaintiff, therefore, is not entitled to the ex parte injunctive relief that he seeks.

**CONCLUSION**

Plaintiff has not demonstrated that he is entitled to ex parte injunctive relief. Accordingly, I recommend the Court deny Plaintiff's motion for temporary restraining order.

**<u>NOTICE</u>**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 13th day of August, 2026.