UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JON R. ADAMS,<br><br>Plaintiff,<br>v.<br><br>WELLPATH, LLC, et al.,<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-00399-JAW |

**ORDER AFFIRMING RECOMMENDED DECISION OVER OBJECTION**

On August 11, 2026, Plaintiff Jon R. Adams, an inmate at the Maine Correctional Center (MCC), filed a civil action against the Maine Department of Corrections and the MCC; a health service administrator called Wellpath, LLC several screening nurses, two dental surgeons, and a denturist claiming that they violated his rights to medical and dental care. *Compl.* (ECF No. 1). The Complaint included a motion for an emergency ex parte temporary restraining order (TRO) and a preliminary injunction. *Id.* at 13-14; *Mot. for TRO* (ECF No. 5). On August 13, 2026, a United States Magistrate Judge reviewed Plaintiff's motion for a TRO, framed as a motion immediate ex parte injunctive relief. *Recommended Decision on Mot. for TRO* at 1 (ECF No. 7) (*Recommended Decision*). Mr. Adams seeks immediate injunctive relief in connection with his claims that the Defendants have failed to provide him adequate dental care and an appropriate diet given his dental condition. *Id.* On August 13, 2026, the Magistrate Judge recommended that the Court deny Mr. Adams's motion. *Id.* at 3.

The Magistrate Judge explained that Federal Rule of Civil Procedure 65(b)(1)(A) permits a court to issue a temporary restraining order without notice to the adverse party only where "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." *Recommended Decision* at 2 (quoting FED. R. CIV. P. 65(b)(1)(A)). The Magistrate Judge concluded that Mr. Adams had "offered no facts, by affidavit or otherwise, that would support a finding that he would suffer immediate and irreparable harm before the opposing parties could be heard in opposition to the motion" and therefore was not entitled to ex parte injunctive relief. *Id.*

Because the Magistrate Judge reviewed Mr. Adams's motion pursuant to 28 U.S.C. § 636(b)(1)(B), Mr. Adams had a right to de novo review by a district judge upon filing an objection within fourteen days of being served with the Recommended Decision. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3). On August 24, 2026, Mr. Adams filed a timely objection. *Pl.'s Specific Objs. to the Magistrate Judge's Recommended Decision on Mot. for TRO* (ECF No. 16) (*Pl.'s Obj.*).

Mr. Adams objects to the Magistrate Judge's Recommended Decision and the Court thus "shall make a de novo determination of those portions of the . . . recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* 28 U.S.C. § 636(b)(1)(B). At the same time, the Court is "only obliged to perform de novo review of disputed portions of the report and recommendation." *United States v. J.C.D.*, 861 F.3d 1, 6 (1st Cir. 2017). Under this standard, the Court reviews factual

findings for clear error, *Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999), and gives plenary review to pure questions of law. *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010).

Mr. Adams objects principally to the Magistrate Judge's conclusion that he "offered no facts, by affidavit or otherwise," demonstrating immediate and irreparable harm. *Pl.'s Obj.* at 3. He maintains that his Complaint was verified under penalty of perjury and contains specific allegations concerning his dental condition and resulting injuries, and that his Emergency Motion separately contains a sworn declaration addressing immediate and irreparable injury. *Id.* at 3. According to Mr. Adams, those filings allege that he is completely without teeth, cannot chew ordinary solid meals without injuring his gums, and continues to experience bleeding, severe pain, weight loss, and nutritional deterioration. *Id.* at 4.

Mr. Adams also objects to the Magistrate Judge's treatment of his request for preliminary injunctive relief. He emphasizes that his motion sought not only an ex parte temporary restraining order, but also a preliminary injunction and an expedited hearing at which the Defendants could be heard. *Id.* at 5-6. Thus, even if the record does not satisfy the requirements for relief without notice under Rule 65(b)(1), Mr. Adams contends that the Court should separately consider whether the circumstances warrant an expedited preliminary-injunction hearing. *Id.*

Mr. Adams's objections do not address the basis for the Magistrate Judge's Recommended Decision. The Magistrate Judge concluded that Mr. Adams had not demonstrated that he would suffer irreparable harm before the Defendants could be

heard. *Recommended Decision* at 2. In his objection, Mr. Adams does not meaningfully challenge that conclusion.

On August 17, 2026, the Magistrate Judge ordered the Clerk's Office to prepare the necessary documents for service by the United States Marshal with a directive that the Marshal attempt service by waiver first. *Order for Serv.* (ECF No. 8). On the same day, the Clerk's Office prepared appropriate service documents, and on August 18, 2026, United States Marshal Service Forms were mailed to each of the named Defendants, except for Stephanie Flash, the Health Service Administrator. *Process Receipt and Return Forms* (ECF Nos. 9-12). By clerical error, the Clerk's Office omitted Ms. Flash as a Defendant, and on August 20, 2026, the U.S. Marshal waiver of service form was sent to Ms. Flash. Federal Rule of Civil Procedure 4(d)(1)(F) provides that a defendant who receives a written request for waiver of service has "a reasonable time of at least 30 days after the request was sent" to return the waiver form. FED. R. CIV. P. 4(d)(1)(F). Under Federal Rule of Civil Procedure 12(a)(1)(A)(ii), a party has 60 days after the request for waiver was sent to file an answer to the complaint. FED. R. CIV. P. 12(a)(1)(A)(ii).

Under these timeframes, most Defendants have until mid-September at the latest to respond to the request for waiver and until mid-October to file an answer to the complaint, if they accept the waiver. In the Court's experience, when there is a motion for injunctive relief pending, as here, the responses of defendants in similar situations to the requests for waiver are prompt. Mr. Adams has not presented

evidence that convinces the Court that his situation is so dire that the Court must order his requested relief even before it hears from the Defendants.

Furthermore, as the Court understands it, Mr. Adams arrived at MCC "completely edentulous (having zero natural or artificial teeth)." *Compl.* ¶ 19. Mr. Adams does not state how long he was in this condition before his incarceration and why his incarceration alone should have created an emergency in which the MCC and other Defendants should be compelled to immediately provide him with dentures or a special diet. At the very least, before the Court acts on Mr. Adams's demand, it should hear from the Defendants as to their positions.

Moreover, because the Defendants have not yet appeared, the Court does not have the benefit of their position on the remaining preliminary injunction factors, including whether Mr. Adams's claimed injury outweighs the harm that granting injunctive relief would inflict upon the Defendants, *see Lancor v. Lebanon Hous. Auth.*, 760 F.2d 361, 362 (1st Cir. 1985), or whether "the public interest will not be adversely affected by the granting of the injunction." *Planned Parenthood League v. Bellotti*, 641 F.2d 1006, 1009 (1st Cir. 1981) (quoting *Women's Cmty. Health Ctr., Inc. v. Cohen*, 477 F. Supp. 542, 544 (D. Me. 1979)). As to Mr. Adams's request that the Court expedite consideration of his request for preliminary injunctive relief, the Court declines to resolve that request before the Defendants have appeared and had an opportunity to be heard.

Having performed a de novo review of the Magistrate Judge's Recommended Decision, the Court AFFIRMS the Recommended Decision on Motion for Temporary

Restraining Order (ECF No. 7) for the reasons set forth therein and in this order, OVERRULES Jon R. Adam's Specific Objections to the Magistrate Judge's Recommended Decision on Motion for Temporary Restraining Order (ECF No. 16).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 28th day of August, 2026.